The **GREAT ATLANTIC & PACIFIC TEA COMPANY, Inc.**, Plaintiff,

v.

**UNITED STATES of America,**
Defendant.

No. 72 Civ. 628.

United States District Court,
S. D. New York.

March 21, 1972.

Weisman, Celler, Allan, Spett & Sheinberg, New York City, for plaintiff by O. John Rogge and Richard H. Rosenberg, New York City, of counsel.

Whitney North Seymour, Jr., U. S. Atty., S. D. N. Y. by Mel P. Barkan, New York City, for defendant.

POLLACK, District Judge.

This is an action pursuant to § 13 of the Food Stamp Act of 1964, 7 U.S.C. § 2022(c), for a trial *de novo* review of a determination by the Food Stamp Review Officer under 7 U.S.C. § 2020 disqualifying plaintiff's store at 71 Avenue D in New York City from participating in the Food Stamp Program for a period of six months for violation of the Act and the applicable administrative regulations. Plaintiff's motion for a preliminary injunction pursuant to F.R.Civ.P. 65(a) was consolidated with the trial of the action on the merits.

The plaintiff complains of the *quantum* of the punishment meted out and of the lack of a competent yardstick for the appropriate punishment in the statute or in the regulations formulated pursuant to the statute.

The Food Stamp Program was enacted in part for the purpose of raising levels of nutrition among low income households, which in turn would promote the distribution in a beneficial manner of our agricultural abundances and strengthen the agricultural economy. Congressional Declaration of Policy, 7 U.S.C. § 2011.

The program under the statute is administered by the Secretary of Agriculture, at the request of the State agency which administers federally aided public assistance programs, and provides eligible households with an opportunity to purchase food stamps at a discount from the face value of the stamps. 7 U.S.C. § 2013.

The proof indicates that stamps of the value of $108 are procurable for sums varying from $2 to $84 which sums are fixed by those in charge in the community of administering welfare programs.

The Act provides that the coupons so received by households should be used only to purchase food from retail food stores which have been approved for participation in the food stamp program. *Id.*

The standards for the participation of eligible low income households are set forth in § 5 of the Act, 7 U.S.C. § 2014. Section 11 of the Act, 7 U.S.C. § 2020, provides for disqualification of retail food stores from further participation in the program in part as follows:

Any approved retail food store . . . may be disqualified from further participation in the food stamp program on a finding, made as specified in the regulations, that such store . . . has violated any of the provisions of this chapter, or of the regulations issued pursuant to this chapter. . . .

That section further provides that "[s]uch disqualification shall be for such period of time as may be determined in accordance with regulations issued pursuant to this chapter." As pointed out by counsel for the plaintiff, 7 C.F.R. § 272.6 (1971) indicates that the disqualification is discretionary and may be for a maximum period of three years.

The regulations specifically provide that food stamps should be accepted by an authorized retail food store *only* in exchange for "eligible foods," 7 C.F.R. § 272.2(b), and that "eligible foods" means any food product for human consumption, specifically excepting, alcoholic beverages, tobacco, foods which are iden-

tified on the package as being imported and meat and meat products which are imported, 7 C.F.R. § 270.2(i).

The Food Stamp Program became effective in New York City on September 1, 1970, and plaintiff applied for, and in August, 1970, received authorization to participate in that program.

It is admitted on this record that in the course of a two-week period from June 2 to approximately June 16, 1971, the store in question committed six separate violations of the Food Stamp Act and the regulations promulgated thereunder, by selling non-food items which are ineligible for sale in exchange for food stamps.

The evidence makes clear that as to some of these transactions at least, if not as to all, the violations were conscious and inexcusable.

The Court need not pause to deal with the manner in which the case was heard and tried before the administrative tribunal in view of the fact that the Court conceives that its function is to reexamine the entire matter *de novo. See also* United States v. Maxwell, 278 F. 2d 206, 209 (8th Cir. 1960). However, where there is no issue of fact as to the validity of the review officer's determination and where the alleged violations have not been denied in the administrative proceeding, the review really comes down to an examination of the applicable law. In the instant case there is no issue of fact concerning the violations and this Court is thus left only with the disposition of the legal issues.

It would, in the view of this Court, be a mischievous practice for a District Court to engage in a competition with the administrative tribunal and its hearing officers in the measurement of fair and reasonable periods of disqualification for plain, inexcusable violations. It would lead to a form of chaos for the Courts to compete with the agency representatives on the quantum of disqualification to be meted out.

Moreover, in this case no standard for any different disposition has been supplied by the moving party and none seems to be appropriate. *Cf.* Arizona v.

494

California, 373 U.S. 546, 83 S.Ct. 1468, 10 L.Ed.2d 542 (1963), decree entered 376 U.S. 340, 84 S.Ct. 755, 11 L.Ed.2d 757 (1964).

██ Under all the facts and circumstances of the case, it seems clear that there has been a violation, that punishment is due, that there has been a temperate administration of the statute and the regulations and that there is no basis on which the Court may properly interfere with the disposition that the administrator has made. *See* Progressive Supermarkets, Inc. v. United States, Civil No. 189–68 (D.N.J.1970), *see also* Save More of Gary, Inc. v. United States, 442 F.2d 36 (7th Cir. 1971).*

Accordingly, the Court must and hereby does dismiss the complaint. The foregoing shall constitute the findings of fact and conclusions of law required by Rule 52(a) Federal Rules of Civil Procedure.

So ordered.

---

* See later case, Martin v. United States, 459 F.2d 300 (6th Cir. 1972).