**HERLING'S GROCERY BASKET, INC., Appellee,**

v.

**UNITED STATES of America, Appellant.**

**No. 75–1847.**

United States Court of Appeals, Fourth Circuit.

Argued Feb. 5, 1976.

Decided May 17, 1976.

* Honorable Robert R. Merhige, sitting by designation.

1. 15 U.S.C. § 26.

2. 15 U.S.C. § 15.

Virginia S. Draper, Asst. U. S. Atty., Baltimore, Md. (Jervis S. Finney, U. S. Atty., and Leonard M. Linton, Jr., Asst. U. S. Atty., Baltimore, Md., on brief), for appellant.

Michael E. Kaminkow, Baltimore, Md. (Joseph H. Omansky and Louis Geller, Baltimore, Md., on brief), for appellee.

Before BRYAN, Senior Circuit Judge, and WINTER and FIELD, Circuit Judges.

PER CURIAM:

The United States seeks review of that portion of the district court's order which reduced the period of defendant's disqualification in the food stamp program from sixty days to thirty days after finding that defendant was in violation of the regulations by selling ineligible, non-food items for food stamps. *See* 7 C.F.R. §§ 272.6, 273.1–273.9. We conclude that under *Cross v. United States,* 512 F.2d 1212 (4 Cir. 1975), the record will not support the reduction, and therefore we reverse this portion of the district court's order to the end that the administratively imposed sanction shall remain undisturbed.

It is, of course, not questioned in this appeal that defendant was in violation of the Food Stamp Act of 1964, 7 U.S.C. §§ 2011 *et seq.* and the regulations thereunder. With that premise established, we said in *Cross* that the next step in the process of judicial review—that of review of the administrative sanction—is the limited determination of whether the sanction is "arbitrary and capricious, and a sanction is arbitrary and capricious if it is unwarranted in law or without justification in fact." 512 F.2d at 1218. We stressed that the scope of judicial review of the propriety of the sanction was more limited than that of the fact of violation, and we termed the Secretary's prescription of periods of disqualification and definition of categories of violations for each "entitled to very great, if not conclusive, weight" (512 F.2d at 1218), adding that if "a district court may find . . . that the Secretary erred in his determination of the fact and gravity of the violations . . . the district court [should] prescribe an alternate penalty, not on the basis of what it, in the exercise of its judgment, would consider reasonable and just, but within the guidelines set by the Secretary for the enforcement of the Act." 512 F.2d at 1218–19.

In the instant case, the district court found that defendant had committed numerous violations of the Act and the regulations, that on administrative review the

period of disqualification had been reduced from six months to sixty days, and that, under the Secretary's criteria and definitions, the administrative sanction could have been disqualification for a period between thirty and sixty days. The district court then stated its conclusion "that the thirty-day disqualification is a reasonable one, under all the circumstances" and it ordered the reduction.

■ The district court's finding as to the "reasonableness" of a thirty rather than a sixty-day suspension as a justification for reducing the period of disqualification was not warranted by the limited scope of review and the tests articulated in *Cross*. From our examination of the record, we are satisfied that defendant's transgressions fell within the Secretary's criteria and definitions for a sixty-day period of disqualification. It follows that the Secretary's determination of the appropriate penalty must be respected. We are advised that defendant has already undergone a thirty-day period of disqualification. The net effect of our decision will be to impose an additional thirty-day period of disqualification.

*REVERSED.*