**James T. CROSS, Appellant,**

v.

**UNITED STATES of America, Appellee.**

No. 76–1016.

United States Court of Appeals,
Fourth Circuit.

Argued May 5, 1976.

Decided July 28, 1976.

Martin S. Driggers, Hartsville, S. C. (Saleeby, Saleeby & Cox, Hartsville, S. C., on brief), for appellant.

William Reynolds Williams, Asst. U. S. Atty., Washington, D. C. (Mark W. Buyck, Jr., U. S. Atty., Columbia, S. C., on brief), for appellee.

Before BRYAN, Senior Circuit Judge, and WINTER and BUTZNER, Circuit Judges.

BUTZNER, Circuit Judge:

James T. Cross appeals the district court's dismissal of his action challenging the one-year disqualification of his grocery store from the food stamp program. He concedes that his store violated the Food Stamp Act, 7 U.S.C. §§ 2011 et seq., and regulations issued under it by accepting stamps for ineligible, non-grocery items and by giving change of more than 49 cents in food stamp transactions. *See* 7 U.S.C. §§ 2011, 2012, and 2013; 7 C.F.R. §§ 270.-2(s), 272.2(b), and 272.2(e). He contends, however, that the one-year disqualification period imposed on him for these violations is arbitrary and capricious and should be modified. The district court heard evidence and reviewed the sanction under the standard prescribed in *Cross v. United States*, 512 F.2d 1212 (4th Cir. 1975), an earlier phase of this case. The court concluded that the sanction was appropriate. We affirm.

The Food Stamp Act authorizes disqualification of a store for "such period of time as may be determined in accordance with regulations issued pursuant to" the Act upon a finding that the merchant violated the statute or regulations. 7 U.S.C. § 2020. The regulations provide that a "retail food store . . . may be disqualified from further participation in the program by FNS [the Food and Nutrition Service] for a reasonable period of time, not to exceed three years, as FNS may determine, if such firm fails to comply with the Food Stamp Act or the [regulations] . . . ." 7 C.F.R. § 272.6(a). To implement the Act and the regulations, FNS has issued guidelines describing the circumstances under

which it will impose disqualifications for varying periods of time, ranging from thirty days to three years. We said in *Cross v. United States*, 512 F.2d 1212, 1218 (4th Cir. 1975), that in determining whether a sanction was arbitrary and capricious the district court should give "great, if not conclusive, weight" to the guidelines.

The guidelines provide for a one-year disqualification when the violations are a matter of store policy or the retailer persists in violating the Act after he has been warned.[1] At trial the government introduced evidence showing that Cross' conduct fell within the situations for which a one-year sanction was appropriate. The evidence showed that FNS representatives had visited Cross' grocery and that Cross had admitted accepting stamps for ineligible items. An official warning was sent to Cross on November 21, 1969, and between April 12 and April 15, 1971, employees of FNS made five shopping visits to the store, using stamps to buy 103 items, 53 of which were ineligible. The clerk who handled these transactions did not once refuse to sell an ineligible item. The prohibited goods included beer, wine, cigarettes, shoes, panty hose, snuff, and dog food. In four of the five visits, cash in excess of 49 cents was given as change in violation of 7 C.F.R. § 272.2(e). All of these visits were made because a comparison of Cross' records with those of nearby stores revealed to FNS that Cross was redeeming more than twice as many coupons, relative to his gross sales, as his competitors.

The visits in 1969 and the official warning in November 1969 support a finding that FNS had taken "significant compliance action to prevent violations" within the meaning of the guidelines for disqualifying a merchant.[2] The large number of violations, the absence of a refusal to sell a single ineligible item, and the difference between Cross' food stamp redemptions and those of his competitors also support a finding that Cross "as a matter of store policy" was engaged in violations within the meaning of the guidelines.[3] The only other element needed to bring Cross within either category of one-year disqualification is "the sale of ineligible items such as alcoholic beverages and other major non-grocery type items."[4] This requirement was met by evidence showing that a clerk sold beer, wine, and cigarettes.

Cross tried to prove that the violations were not the result of store policy. He testified that he obeyed the food stamp rules, and a clerk testified that he, not Cross, was responsible for the April 1971 violations. The court need not have accepted this testimony in the face of an earlier statement by the clerk that Cross sold almost anything for stamps and in light of Cross' consistently high redemptions.

We conclude, therefore, that the evidence supported a finding that the sanction fell within the Act's guidelines. Giving appro-

---

1. The relevant provisions of the guidelines provide:

"IV B. *One-Year Disqualifications.* A one-year disqualification is normally the maximum period which will be assigned to a retailer not previously disqualified from the program. One-year disqualifications usually will be assigned in the following situations:
1. The evidence clearly shows that the retailer, as a matter of store policy, is engaged in violations such as:
a. The discounting of coupons for cash, which may take the form of accepting coupons as repayment of cash loans with interest or other devices to exchange coupons for cash at a discount, or
b. The sale of ineligible items such as alcoholic beverages and other major non-grocery type items.

2. FNS personnel have taken significant compliance action to prevent violations, and the evidence clearly shows that the retailer is engaged in violations such as:
a. To a limited extent, the types of violations listed in B 1 under one-year disqualifications, or
b. Any violations which show a deliberate and widespread disregard for program regulations."
United States Department of Agriculture, Food and Nutrition Service, Food Stamp Division, Instruction 744–9 (March 13, 1970).

2. *Id.* IV B 2.

3. *Id.* IV B 1.

4. *Id.* IV B 1b.

priate weight to these guidelines, the court properly found that the one-year disqualification was not arbitrary and capricious. *Cf. Herling's Grocery Basket, Inc. v. United States,* 538 F.2d 86 (4th Cir. 1976).

The judgment is affirmed.