M. R. DAMIANI CORPORATION, Plaintiff,

v.

UNITED STATES DEPARTMENT OF AGRICULTURE, Defendant.

No. 76 Civ. 2829 (CHT).

United States District Court, S. D. New York.

Aug. 6, 1976.

Gene Crescenzi, New York City, for plaintiff.

Robert B. Fiske, Jr., U.S. Atty., New York City, for defendant; John M. O'Connor, New York City, Asst. U.S. Atty., of counsel.

## MEMORANDUM

TENNEY, District Judge.

Plaintiff M. R. Damiani Corporation ("Damiani") has moved by order to show cause for an order, pursuant to Rule 65(a) of the Federal Rules of Civil Procedure, staying plaintiff's disqualification from the Federal Food Stamp Program and enjoining the implementation of that disqualification by the defendant United States Department of Agriculture. The defendant has cross-moved for an order pursuant to Rules 12(b)(1) and (6) of the Federal Rules of Civil Procedure dismissing the complaint on the grounds that there is no subject matter jurisdiction and that the complaint fails to state a claim upon which relief may be granted. For the reasons set forth below, plaintiff's motion is denied and defendant's motion is granted.

Plaintiff Damiani is the operator of a grocery store in the Bronx. The store was authorized in September 1972 to participate in the Federal Food Stamp Program and redeem food stamps by the Department of Agriculture, Food and Nutrition Service, pursuant to the Food Stamp Act of 1964, 7 U.S.C. §§ 2011 et seq. The regulations promulgated pursuant to this act provide that authorized retail food stores may accept food stamps only in exchange for certain food items specifically designated as "eligible foods." 7 C.F.R. §§ 270 et seq. The act provides for disqualification of retail stores as follows:

"§ 2020. Disqualification of retail stores and wholesale concerns

"Any approved retail food store or wholesale food concern may be disqualified from further participation in the food stamp program on a finding, made as specified in the regulations, that such store or concern has violated any of the provisions of this chapter, or of the regulations issued pursuant to this chapter. Such disqualification shall be for such period of time as may be determined in accordance with regulations issued pursuant to this chapter. The action of disqualification shall be subject to review as provided in section 2022 of this title."

An investigation of activities at the Damiani store during December 1975 revealed that on five separate occasions ineligible non-food items were sold for Food Stamp Coupons in contravention of the Food Stamp Program regulations. The specific charges relating to these violations were conveyed to Mr. Rhadame Damiani, president of the Damiani store, in an official Letter of Charges dated January 27, 1976. In response, Mr. Puferio Damiani, manager of the Damiani store, wrote to the Department of Agriculture on January 30, 1976 denying the charges of violation. On March 19, 1976, the Department reached its determination that plaintiff had in fact committed the violations as charged and ordered its disqualification from participation in the Food Stamp Program for six months.

Subsequently, plaintiff administratively appealed the disqualification. In a letter dated March 26, 1976, annexed to the complaint in this action, plaintiff's attorney explained that the January 30 denial by Puferio Damiani was an unauthorized response to the charges, and admitted that at least four of the five charged violations appeared to be correct. The letter further explained

that the clerk who caused the violations had been promptly fired, and urged review of the sentence and sanction imposed so that "the sentence or determination . . . fit the infraction." By letter dated May 27, 1976, also annexed to the complaint, the Food Stamp Review Officer informed plaintiff that the case had been reviewed with consideration afforded the information contained in the March 26 letter by Damiani's attorney. The Review Officer reaffirmed the finding that the violations had occurred, noted that both Rhadame Damiami and Puferio Damiani had received personal oral and written warnings of possible infractions prior to the official investigation in December of 1975 and concluded that "the violations were the result of gross carelessness or negligence. All were easily preventable with the use of reasonable care." However, the decision was made to reduce the period of disqualification from six months to ninety days.

Plaintiff then petitioned this Court for review of the administrative determination pursuant to 7 U.S.C. § 2022, which provides in pertinent part as follows:

> "(c) . . . If the store or concern feels aggrieved by such final determination he may obtain judicial review thereof by filing a complaint against the United States . . . requesting the court to set aside such determination. . . .
>
> The suit . . . shall be a trial de novo by the court in which the court shall determine the validity of the questioned administrative action in issue. If the court determines that such administrative action is invalid it shall enter such judgment or order as it determines is in accordance with the law and the evidence. . . . ."

Among the courts that have considered the question, there is some discrepancy as to the scope of the court's jurisdiction to review disqualification. The majority of courts have found authority only to evaluate the merits of the case and not to pass on the period of disqualification. *See Martin v. United States*, 459 F.2d 300, 301 (6th Cir.), *cert. denied*, 409 U.S. 878, 93 S.Ct. 129, 34 L.Ed.2d 131 (1972); *accord, Save More of Gary, Inc. v. United States*, 442 F.2d 36, 39 (7th Cir. 1971), *cert. dismissed*, 404 U.S. 987, 92 S.Ct. 535, 30 L.Ed.2d 549 (1971); *Smith v. United States*, 392 F.Supp. 1116, 1119–20 (W.D.La.1975); *Marcus v. United States*, 364 F.Supp. 374, 375 (E.D.Pa.1973); *Eckstut v. Hardin*, 363 F.Supp. 701 (E.D.Pa.1973); *Miller. v. United States*, 345 F.Supp. 1131 (W.D.Pa.1972); *Great Atlantic & Pacific Tea Company v. United States*, 342 F.Supp. 492 (S.D.N.Y.1972, Pollack *J.*). A minority of courts have permitted limited judicial review of the period of disqualification. *See Herling's Grocery Basket, Inc. v. United States*, 538 F.2d 86 (6th Cir. 1976); *Cross v. United States*, 512 F.2d 1212, 1218 (4th Cir. 1975); *cf. Marbro Food, Inc. v. United States*, 293 F.Supp. 754, 755 (N.D.Ill.1968).

Judge Pollack of the Southern District of New York has held that where there is no disputed factual issue as to the validity of the Review Officer's determination that the food stamp program has been violated, the court should not embark upon a review of the sanction imposed. The well-reasoned opinion rendered after a de novo review of a disqualification determination, explains as follows:

> "It would, in the view of this Court, be a mischievous practice for a District Court to engage in a competition with the administrative tribunal and its hearing officers in the measurement of fair and reasonable periods of disqualification for plain, inexcusable violations. It would lead to a form of chaos for the Courts to compete with the agency representatives on the quantum of disqualification to be meted out.
>
> .     .     .     .     .
>
> "Under all the facts and circumstances of the case, it seems clear that there has been a violation, that punishment is due, that there has been a temperate administration of the statute and regulations and that there is no basis on which the Court may properly interfere with the disposition that the administrator has made." *Great Atlantic & Pacific Tea Company v.*

**700**

United States, supra, 342 F.Supp. at 493–94.

 Since plaintiff has admitted at least four of the five violations charged, as found in the letter of its attorney annexed to the complaint and moving papers in this action, it would appear under the rule adopted by the majority of federal courts and by Judge Pollack in this district that the complaint should be dismissed for lack of subject matter jurisdiction.

Even if the minority view were adopted, it is apparent that the ninety-day disqualification period was a well-considered and not excessive sanction. In view of the papers accompanying plaintiff's complaint and order to show cause which contain its admissions of violations of the Food Stamp Program, the letter of the Review Officer outlining the early oral and written warnings to both Mr. Rhadame Damiani and Mr. Puferio Damiani, the uncontested conclusion of the Review Officer that the violations resulted from "gross carelessness or negligence," and the obviously thoughtful and deliberate review given the case in light of the mitigating factors presented by Damiani, this Court finds no basis upon which it could conclude that the sanction was arbitrary, capricious, excessive or unreasonable. Therefore, the Court finds that the complaint fails to state a claim upon which relief can be granted. *See generally Modica v. United States*, 518 F.2d 374 (5th Cir. 1975).

 The Court further concludes that the plaintiff failed to demonstrate either a clear likelihood of success on the law and facts in dispute or raise sufficiently serious questions on the merits of the dispute making them a fair ground for further litigation as is required to obtain injunctive relief under Rule 65, Fed.R.Civ.P. *Columbia Pictures Industries, Inc. v. American Broadcasting Companies, Inc.*, 501 F.2d 894, 897 (2d Cir. 1974).

Accordingly, plaintiff's motion for a preliminary injunction is denied in all respects, and defendant's motion to dismiss the complaint pursuant to Rules 12(b)(1) and (6), Fed.R.Civ.P., is granted and the complaint is hereby dismissed.

So ordered.