**FOUR STAR GROCERY, INC., Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

No. 84 Civ. 6994 (RWS).

United States District Court, S.D. New York.

May 2, 1985.

Carlucci & Legum, Mineola, N.Y., for plaintiff; Steven G. Legum, Mineola, of counsel.

Rudolph W. Giuliani, U.S. Atty. for the S.D.N.Y., New York City, for defendant; Amy Rothstein, Asst. U.S. Atty., New York City, of counsel.

SWEET, District Judge.

Plaintiff Four Star Grocery, Inc. ("Four Star") brought this action pursuant to 7 U.S.C. § 2023 and 7 CFR § 279.10 to obtain judicial review of an order of the United States Department of Agriculture's Food and Nutrition Service ("FNS") which disqualified Four Star from participating in the Federal Food Stamp Program for a one-year period. The government has moved for summary judgment. This motion is granted.

**Facts**

For the purposes of this motion, all facts presented by Four Star are taken as true. Four Star is a retail food store authorized by the FNS to participate in the Federal Food Stamp Program (the "Program"). As a participant in the Program, Four Star is

entitled to accept food stamps as payment for food or food products for home consumption except alcohol or tobacco (7 U.S.C. § 2012). Four Star is located in an area in which there is a high concentration of households eligible to receive food stamps, and a substantial amount of Four Star's business is transacted in food stamps.

Theodore Owens ("Owens") is an employee of Four Star. On three separate occasions while on duty at Four Star, Owens purchased food stamps at a discounted rate from an undercover FNS agent. On December 17, 1981, he purchased food stamps with a face value of $150 for $120; on January 6, 1982, he purchased $200 worth of food stamps for $160; and on February 12, 1982 he brought $250 worth of food stamps for $200. Owens was criminally prosecuted and convicted for this activity. He was subsequently fired from his employment at Four Star and later rehired as an assistant to the store manager at the request of his probation officer. Owens maintains that he purchased the food stamps solely for his own benefit and not for that of his employer.

By letter dated March 28, 1984, Four Star was advised by FNS that its authorization to participate in the Program was to be suspended for a period of one year. This was confirmed in a letter dated September 7, 1984 following an administrative review requested by Four Star.

## Discussion

The regulations governing the participation of retail stores in the Food Stamp Program that were in effect at the time relevant to this action authorize the FNS to "disqualify any authorized retail food store ... from further participation in the program for a reasonable period of time, not to exceed three years, as FNS may determine, if the firm fails to comply with the Food Stamp Act or this part." 7 C.F.R. § 278.6 (1981). This section further provided that: "[T]he FNS regional office shall ... [D]isqualify the firm for 1 year if

[t]he firm bought coupons at a discount." [1] *Id.* For the purposes of this section, the term "Firm" included: "the ownership or management of an authorized retail food store ... or any person acting on behalf of the ownership or management." *Id.*

The sole issue raised by Four Star as to its liability for Owens' actions is that with respect to the particular violations charged, Owens was acting solely for his own benefit and not that of his employer. An examination of the law in effect at the time, however, indicates that Owens' motivation for trafficking in food stamps is irrelevant and that the government is entitled to summary judgment based on Owens undisputed illegal purchases of food stamps and the unrefuted nature of his employment at Four Star. 7 C.F.R. § 278.6 (1981).

■ As noted above, there is no dispute that Owens was employed by Four Star and that he trafficked in food stamps on at least three occasions. The government maintains that Four Star employed Owens as a manager, and have presented a report of a site visit to Four Star performed by FNS on September 27, 1984 which indicates that the person contacted was Owens and that his title was manager. Although Four Star does not directly refute this claim in its pleadings or memorandum of law, it submits an affidavit from Owens in which he asserts that at all relevant times he was employed as an assistant manager. Whether or not Owens was employed as a manager or assistant manager, however, it is undisputed that he was a "person acting on behalf of the ownership or management." 7 C.F.R. § 278.6(a). As such, his actions may be attributed to Four Star. This conclusion is further supported by case law in this Circuit. *See, e.g., J.C.B. Supermarkets, Inc. v. United States*, 530 F.2d 1119, 1122 (2d Cir.1976). ("The abuse of th[e] program by employees authorized to act by [the corporation] suffices to inculpate the corporation.")

■ Four Star alternatively seeks judicial review of the sanction imposed upon it

---

**1.** In December 1982, the regulation was amended to require permanent disqualification if any of the firms' personnel is found to have purchased or otherwise trafficked in food stamps. 7 C.F.R. § 278.6 (1983).

by FNS, claiming that the penalty is arbitrary and capricious and should be modified. Despite Four Star's contention that because the government did not warn Four Star of the existence of violations it failed to meet the conditions precedent set forth in the regulations, the sanction imposed is in conformity with the regulations in effect at the time. 7 CRF § 278.6(e)(2)(B)(ii) (disqualification appropriate where firm warned or where FNS determines violations to be serious). The majority of the Circuit Courts which have addressed this issue have held that a court does not have subject matter jurisdiction to review a penalty which conforms to the applicable regulations. *See, e.g., Kulkin v. Bergland,* 626 F.2d 181, 185 (1st Cir.1980); *Woodward v. United States,* 725 F.2d 1072, 1077–78 (6th Cir.1984); *see also Save More of Gary, Inc., v. United States,* 442 F.2d 36, 39 (7th Cir.), *cert. dismissed,* 404 U.S. 987, 92 S.Ct. 535, 30 L.Ed.2d 549 (1971). But *see Goodman v. United States,* 518 F.2d 505 (5th Cir.1975).

Although the Second Circuit has not yet ruled on this issue, the reasoning of the district court in *Great Atlantic & Pacific Tea Company v. United States,* 342 F.Supp. 492 (S.D.N.Y.1972), seems equally applicable here:

> [I]t would ... be a mischievous practice for a District Court to engage in a competition with the administrative tribunal and its hearing officers in the measurement of fair and reasonable periods of disqualification for plain, inexcusable violations. It would lead to a form of chaos for the courts to compete with the agency representatives on the quantum of disqualification to be meted out.

*Id.* at 493. *See also M.R. Damiani v. U.S. Dept. of Agriculture,* 421 F.Supp. 697, 699 (S.D.N.Y.1976) ("where there is no disputed factual issue as to the validity of the Review Officer's determination that the food stamp program has been violated, the court should not embark on a review of the sanction imposed"). Because the penalty imposed upon Four Star is in compliance with the regulations then in effect, review of the sanction is not appropriate.

For the above reasons the respondents' motion for summary judgment will be granted. The clerk is directed to enter judgment dismissing the complaint.

IT IS SO ORDERED.