Morris MILLER, trading and doing business as Miller's Food Market, Plaintiff,

v.

UNITED STATES of America, DEPARTMENT OF AGRICULTURE, FOOD AND NUTRITION SERVICE, Defendant.

Civ. A. No. 71–859.

United States District Court, W. D. Pennsylvania.

March 14, 1972.

5. 2 N.T. 115.

Samuel P. Kamin, Pittsburgh, Pa., for plaintiff.

Richard L. Thornburgh, U. S. Atty., Pittsburgh, Pa., for defendant.

## OPINION

GOURLEY, District Judge.

This is an action brought to obtain judicial review of a final administrative determination that plaintiff be disqualified from participating in the Federal Food Stamp Program for a period of one year. Jurisdiction exists pursuant to 7 U.S.C.A. § 2022. The immediate matter before the Court is defendant's Motion for Summary Judgment. It is the considered judgment of this Court that the Motion be denied.

Plaintiff operates a supermarket known as Miller's Food Market and has participated in the Food Stamp Program since February, 1963. He was advised by certified mail of charges of violating provisions of the Food Stamp Act by letter dated March 4, 1971. Violations allegedly include the sale of non-food or other ineligible items. At the time of the March 4, 1971 letter, plaintiff was also advised that he could reply to said charges and his failure to do so on or before March 18, 1971 would be considered an admission of the charges. No response from plaintiff was forthcoming prior to the May 6, 1971 notice of determination made by John F. Conaboy, Supervisor of the Food Stamp Program for the Northeast Region. Thereafter, through counsel, a general denial to the charges was made along with a request for administrative review of the determination. In addition, plaintiff has now submitted to this Court an affidavit denying the happening of the events forming the basis of his disqualification from the Food Stamp Program.

 In this posture, it would appear inappropriate to grant defendant's Motion for Summary Judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. Moreover, the Food Stamp Act provides for a trial de novo. 7 U.S.C.A. § 2022. And while under this Act the scope of judicial review is limited to a determination of the validity of the administrative action which has been taken, it seems clear to this Court that such a determination can not be made in view of plaintiff's present denials of any violation. Thus, the present case differs from Save More of Gary, Inc. v. United States, 442 F.2d 36 (7th Cir. 1971) where the grant of the Government's motion for summary judgment was affirmed in a food stamp violation case. In Save More of Gary, Inc., there were at least implicit admissions that violations in fact occurred; there was no clear denial of the violations. See Save More of Gary, Inc. v. United States, supra, at 39. Here, however, the affidavits of plaintiff do provide the clear denial lacking in Save More of Gary, Inc. Thus, on record before the Court, there appears to be a genuine issue as to a material fact. Certainly affidavits may be considered to determine whether an issue of fact is presented. Frederick Hart & Co. v. Recordgraph Corporation, 169 F.2d 580 (3d Cir. 1948).

 While we do not reach the merits of this case, it is clear that summary judgment should not be granted where any doubt exists as to the presence of a

genuine issue of material fact. All such doubts must be resolved against the party moving for summary judgment. Sarnoff et al. v. Ciaglia, 165 F.2d 167 (3d Cir. 1947).

Accordingly, defendant's Motion for Summary Judgment is denied. An appropriate order is entered.