**H. T. SAUNDERS, d/b/a Saunders Dispensary, Plaintiff-Appellant,**

v.

**UNITED STATES of America, Defendant-Appellee.**

No. 74–1444.

United States Court of Appeals, Sixth Circuit.

Dec. 6, 1974.

Martin F. Sullivan, Jr., Louisville, Ky., for plaintiff-appellant.

George J. Long, U. S. Atty., Louisville, Ky., James H. Barr, Richard A. Dennis, Asst. Dist. Atty., Louisville, Ky., for defendant-appellee.

Before LIVELY and ENGEL, Circuit Judges, and O'SULLIVAN, Senior Circuit Judge.

LIVELY, Circuit Judge.

The district court granted summary judgment in favor of the United States in this action to review a final administrative determination of the Department of Agriculture under the Food Stamp Act of 1964, 7 U.S.C. §§ 2011–2026. The appellant, a Louisville, Kentucky merchant, was disqualified from further participation in the food stamp program for a period of one year on an administrative finding that his store had violated provisions of the Act. 7 U.S.C. § 2020. The alleged violations consisted of accepting food stamps in payment for articles other than "food" as defined in 7 U.S.C. § 2012(b) and regulations issued in connection with the program.

Appellant was charged with five specific violations during a two-week period in October 1972. In the letter of notification sent to appellant on March 27, 1973, the date of each alleged violation was set forth, together with details as to the ineligible merchandise claimed to have been received in exchange for food stamps. In this letter the appellant was identified as having made two of the transactions, and unidentified female clerks were said to have accepted the food stamps on the other occasions. The record before us does not disclose what response, if any, was made to the charges. However, after requesting a review of the initial determination, in two letters to the Food Stamp Review Officer assigned to the matter, the appellant, through his attorney, wrote on July 9, 1973, "We deny specifically each and every allegation made"; and on July 19, 1973, "All charges levied are categorically denied." Copies of these letters together with a copy of the letter from the Food Stamp Review Officer sustaining the original determination are included in the appendix filed with this court.

One of appellant's chief arguments in seeking review of the initial administrative determination was that the Department of Agriculture had never disclosed to him the identity of the persons who made the charges against him and that he had had no opportunity to cross-examine them or otherwise question the evidence upon which the determination was made. In responding to this argument a Department official wrote to appellant's attorney that formal discovery

proceedings and an adversary hearing are not part of the disqualification or review procedures. He pointed out, however, that the Act provides for a trial de novo in a court of competent jurisdiction.

Following the decision of the Review Officer, appellant brought this action in district court to obtain judicial review of the final administrative determination pursuant to 7 U.S.C. § 2022(c), which provides in part that one who "feels aggrieved by such final determination . . . may obtain judicial review thereof by filing a complaint against the United States in the United States district court . . . requesting the court to set aside such determination." This section also provides "The suit in the United States district court . . . shall be a trial de novo by the court in which the court shall determine the validity of the questioned administrative action in issue." Appellant's complaint charged that the Department of Agriculture had acted arbitrarily and capriciously and that its determination was not supported by any evidence. The answer filed by the appellee denied these charges and stated "that the plaintiff has whatever opportunity to examine witnesses that the Federal Rules of Civil Procedure provide." The appellant then filed interrogatories seeking the names and addresses of each witness whom the appellee expected to call in the case and also asking whether or not requests were made during the administrative proceedings for the identity of these witnesses and the authority for denying such information. The appellee filed objections to the interrogatories and a motion for summary judgment. Attached to this motion were five unsworn statements of persons who claimed that they had purchased ineligible items in exchange for food stamps at the store of appellant. The date of each purchase was given and the ineligible items were listed. In his response to the motion for summary judgment appellant pointed out that none of the information filed in support of the summary judgment was in affida-

vit form or otherwise sworn to and that he continued to demand a trial de novo. In its memorandum opinion the court stated: "The exhibits submitted by the United States clearly show a violation of the Food Stamp Act in that plaintiff made sales of products which are not eligible under the Act. Although the exhibits are not affidavits, the information supplied in them by Agent Elliott has not been denied nor has any information to counter it been supplied by plaintiff." On this basis summary judgment was entered. We reverse and remand for further proceedings.

It is true that the appellant did not deny the charges in the district court proceedings. However, we do not believe that those proceedings reached the point where a denial was required. Because of the nature of the district court action for a review of an administrative determination, there was nothing before the court for the appellant to deny at the time his complaint was filed. The answer of the appellee merely denied that the government had acted arbitrarily or in derogation of any constitutional rights of appellant. It did not plead any facts upon which the court could decide the validity of the determination made at the administrative level. Only when the appellee made its motion for summary judgment did it reveal to the court, and to appellant for the first time, the factual basis for its ruling of disqualification. However, none of the supporting documents was sworn to and, thus, they were of no greater dignity than the denials of illegal transactions contained in the letters from appellant's attorney to the Food Stamp Review Officer. If the documents filed by the appellee had complied with the requirements of Rule 56(e), Fed.R.Civ.P., it would have been incumbent upon appellant either to deny them under oath or suffer summary judgment.

In granting summary judgment in the present case the district court relied primarily on Save More of Gary, Inc. v. United States, 442 F.2d 36 (7th Cir.), cert. dismissed, 404 U.S. 987, 92 S.Ct.

535, 30 L.Ed.2d 549 (1971). While we agree with the principle of that case that a request for a judicial review under Section 2022 may be disposed of by summary judgment if there is no genuine issue of material fact, we find that it is distinguishable from the present case on several grounds. As the court in *Save More* pointed out "The defendant's motion for summary judgment was supported by an abundance of documentary material including affidavits, contemporary reports, letters and memoranda in addition to depositions." 442 F.2d at 37. In addition to the repeated references to affidavits and depositions in the opinion of the court of appeals, the district court referred to affidavits of shoppers in granting summary judgment. Save More of Gary, Inc. v. United States, 309 F.Supp. 39 (N.D.Ind.1970). The court of appeals also found that it was implicit in a whole series of letters that Save More admitted that the violations did in fact occur. We find no such admission implicit in the letters from appellant's counsel. While these letters did complain of the procedures employed by the Department of Agriculture and argued that the penalty was disproportionate to the charged violation, nevertheless, each one contained a categorical denial of the charges.

In J.C.B. Super Markets, Inc. v. United States, 57 F.R.D. 500 (W.D.N.Y.1972), the court recognized that summary judgment may be used to avoid trial in this type case if there is no genuine issue as to any material fact. The court found, however, that the vendor had never admitted making the sales in the administrative proceedings and held that a trial was required after the parties had filed conflicting affidavits. The appellant in the present case should have been given the opportunity to demonstrate to the district court that a genuine issue of material fact does exist. However, he was not required to do so in the absence of a showing that the case against him was based on evidence of a quality acceptable in a trial.

■■ In providing for a trial de novo upon court review of disqualification de-terminations, Congress intended a broader scope of review than that permitted under the general provisions of the Administrative Procedure Act. 5 U.S.C. § 706; J.C.B. Super Markets, Inc. v. United States, *supra*, 57 F.R.D. at 502-503. This requires a reexamination of the entire matter rather than a mere determination of whether the administrative findings are supported by substantial evidence. Great Atlantic & Pacific Tea Co. v. United States, 342 F.Supp. 492, 493 (S.D.N.Y.1972); *contra*, Marbro Foods, Inc. v. United States, 293 F.Supp. 754, 755 (N.D.Ill.1968). The court should make its own findings of fact based on the preponderance of the evidence and not limit itself to matters considered in the administrative proceedings. *J.C.B. Super Markets, Inc., supra,* 57 F.R.D. at 503. Even if the unsworn statements relied upon by the government were sufficient to support a determination at the administrative level, the provision for a trial de novo requires that the district court make its determination on evidence of a kind and quality sufficient to support findings of fact under Rule 52(a), Fed.R.Civ.P. Since the procedures followed at the administrative level do not provide for discovery or testing the evidence of the Department of Agriculture by cross-examination, it is particularly important that an aggrieved person who seeks judicial review in a trial de novo not be deprived of these traditional tools unless it is clear that no issue of fact exists. As the court pointed out in Miller v. United States, 54 F.R.D. 471 (W.D.Pa.1972), all doubts as to the presence of a genuine issue of material fact should be resolved against a party moving for summary judgment. The unsworn denials of appellant through his counsel raised sufficient doubts about the facts set forth in the unsworn statements which were the basis of the administrative determination of disqualification to preclude summary judgment at this stage of the proceedings.

■ In returning the case to the district court we note that appellant demanded a trial by jury in his complaint.

The statute provides for trial by the court. 7 U.S.C. § 2022(c). He also sought review of the length of his disqualification. In Martin v. United States, 459 F.2d 300, 301 (6th Cir.), cert. denied, 409 U.S. 878, 93 S.Ct. 129, 34 L.Ed.2d 131 (1972), we held that "[t]he statute authorizes a review only on the merits of the case, and not on the period of disqualification."

The judgment of the district court is reversed and the case is remanded for further proceedings as indicated herein.