Charles M. MODICA, d/b/a G & D
Grocery, Plaintiff-Appellant,

v.

UNITED STATES of America,
Defendant-Appellee.

No. 75–1447
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

July 31, 1975.
As Modified Aug. 11, 1975.

* Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir., 1970, 431 F.2d 409.

James A. Harris, Jr., Birmingham, Ala., for plaintiff-appellant.

Wayman G. Sherrer, U. S. Atty., Billy L. Barnett, A. Lattimore Gastone, Asst. U. S. Attys., Birmingham, Ala., for defendant-appellee.

Before COLEMAN, AINSWORTH and SIMPSON, Circuit Judges.

AINSWORTH, Circuit Judge:

Appellant brought suit in the district court below seeking judicial review of an administrative determination of the Food and Nutrition Service of the United States Department of Agriculture which disqualified appellant and his food store from participation in the federal food stamp program. The district judge granted the Government's Motion for Summary Judgment, and appellant pursued this appeal. We affirm.

Appellant is the owner of the G & D Grocery, which participates in the federally supervised food stamp program. A substantial portion of appellant's grocery business consists of food stamp customers. Appellant's participation in the food stamp program began in 1963, and he has since been the subject of administrative scrutiny numerous times. On two occasions in 1969, appellant received "confirming letters" from food stamp officials expressing concern over what appeared to be an excessive amount of coupon redemptions. On two other occasions, one in 1967 and one in 1968, appellant received "warning letters" regarding admitted violations of food stamp regulations. These violations involved the use of coupons for ineligible items (imported foods) and improper change procedures. In April 1971, investigators using food stamps made numerous purchases at appellant's store of ineligible items such as beer, razor blades, hosiery, light bulbs, crayons and mouse traps. In light of these violations and prior dealings with appellant, the Food and Nutrition Service sought to disqualify appellant from participation in the food stamp program for violations which were claimed to have been "accomplished deliberately and with flagrant disregard for the program regulations." Record at 96. Appellant was subsequently suspended from participation in the program for a period of six months. Appellant and two of his cashiers were charged with violations of food stamp regulations; the cashiers pled guilty and were fined $100 each, and charges against appellant were dismissed.

After the six-month suspension was announced, appellant immediately sought a hearing before an administrative review officer pursuant to 7 U.S.C. § 2022. Appellant and witnesses in his behalf spoke of his strong support for the food stamp program, the importance of food stamp customers to his business, the high repute in which the community held appellant, and the disastrous consequences which would result from disqualification. At no point did appellant deny the charges against him or the improper actions of his employees. Rather, the violations were classified as unintentional, unavoidable and *de minimis*. The six-month disqualification sanction was upheld. Appellant then commenced this action and, after proceedings not relevant to this appeal, requested the district court to review the administrative decision pursuant to 7 U.S.C. § 2022. Section 2022 provides that administrative sanctions under the food stamp program can be reviewed by means of a "trial de novo by the court in which the court shall determine the validity of the questioned administrative action in issue," and also allows the court to set aside the

agency action upon determining that it is invalid.

The Government moved for summary judgment, relying on the extensive administrative record, appellant's admissions therein, and the convictions for violations of the applicable regulations entered upon the cashiers' guilty pleas. In opposition to the Government's motion, appellant filed an affidavit stating that he was "completely unaware of any violations" of the program regulations and denying that such violations had occurred. Further, the affidavit stated that if such violations had occurred, they were in derogation of his specific instructions to employees to abide by all regulations and were "inconsequential and insignificant." In a considered 11-page memorandum opinion, the district court concluded that there were no genuine issues of material fact and that the Government was entitled to judgment as a matter of law. Fed.R.Civ.P. 56. The sole issue before this court is appellant's contention that the district court erred in granting the Government's motion for summary judgment.

 The trial de novo provision of 7 U.S.C. § 2022 is clearly broader than the review standard provided for under the Administrative Procedure Act. It requires the district court to examine the entire range of issues raised, and not merely to determine whether the administrative findings are supported by substantial evidence. Saunders v. United States, 6 Cir., 1974, 507 F.2d 33, 36; Great Atlantic and Pacific Tea Co. v. United States, S.D.N.Y., 1972, 342 F.Supp. 492, 493; J.C.B. Super Markets, Inc. v. United States, W.D.N.Y., 1972, 57 F.R.D. 500, 502–03. When a case is properly before the court for a trial de novo, the court must reach its own factual and legal conclusions based on the preponderance of the evidence, and should not limit its consideration to matters previously appraised in the administrative proceedings. Redmond v. United States, 5 Cir., 1975, 507 F.2d 1007, 1011;

Saunders v. United States, *supra*, 507 F.2d at 36; J.C.B. Super Markets, Inc. v. United States, *supra*, 57 F.R.D. at 502–03. The party seeking judicial review has the burden of proving facts to establish that he was entitled to relief from the disqualification determination, and must establish the invalidity of the agency action by a preponderance of the evidence. Redmond v. United States, *supra*, 507 F.2d at 1011–12.

 Despite the trial de novo provision, it is clear that summary judgment is a proper means of disposing of requests for review under section 2022 where there are presented no genuine issues of material fact. United States v. Saunders, *supra*, 507 F.2d at 36; Save More of Gary, Inc. v. United States, 7 Cir., 1971, 442 F.2d 36, cert. dismissed, 404 U.S. 987, 92 S.Ct. 535, 30 L.Ed.2d 549; J.C.B. Super Markets, Inc. v. United States, *supra*. The issue we must decide is whether the grant of summary judgment in this case was proper. Such a decision turns, of course, on the specific facts of the case. Here, appellant has admitted, implicitly and explicitly, his store's wrongdoing in the extensive prior administrative proceedings. Two of his employees, for whose conduct as employees he is responsible, have admitted and been adjudged guilty of the violations for which appellant has been cited. But appellant asserts that his denial by way of affidavit of any wrongdoing created a disputed issue of fact sufficient to require a trial on the merits. But we reiterate that appellant had previously admitted the violations throughout the course of this matter through administrative proceedings, and that the guilty pleas of his employees are incontestible. These facts are determinative. We agree with the district court's conclusion that while a sworn denial of this sort would ordinarily create an issue of disputed fact, this "eleventh-hour denial of facts admitted over a three-year period" is not a sufficient basis in this case for denying summary judgment.[1] In light

---

1. The facts of this case should be compared with Saunders v. United States, *supra*, and

Miller v. United States Department of Agriculture, W.D.Pa., 1972, 54 F.R.D. 471, cases in

of the record in this case, the court below had good reason for questioning the good faith of appellant's affidavit. See Record at 49.[2]

We hold that, under the circumstances of this case, the district court properly concluded that summary judgment was warranted. The stay of disqualification pending appeal granted by the district court is hereby vacated. Appellant will be taxed with the costs of this appeal.

Affirmed.

which it was found improper to grant summary judgment in a section 2022 proceeding because there had been no admission of guilt in the administrative proceedings and the courts were presented with conflicting affidavits.

2. In questioning the good faith of appellant's affidavit, the district court referred to Fed.R. Civ.P. 56(g), which provides that when affidavits are presented in bad faith or solely for the purpose of delay, the court may order the offending party to pay the reasonable expenses thereby incurred by the opposing party or hold the offending party or attorney in contempt. Three days after entering summary judgment for the Government, the district judge amended his order so as to tax all costs of the action against appellant.