**James SPURS, d/b/a James Spurs Grocery**

v.

**UNITED STATES of America and United States Department of Agriculture.**

**Civ. A. No. 751021.**

United States District Court, W. D. Louisiana, Shreveport Division.

Jan. 12, 1977.

Claudius E. Whitmeyer, Shreveport, La., for plaintiff.

Donald E. Walter, U. S. Atty., Lawrence L. Jones, Asst. U. S. Atty., Shreveport, La., for defendants.

DAWKINS, Senior District Judge.

RULING

Plaintiff, James Spurs, is seeking review of several administrative determinations made by the Food and Nutrition Service (FNS) which revoked licensed approval for his small, convenience type grocery to participate in the food stamp program because of several recent convictions obtained against him for selling hard liquor without a license, as well as selling it on Sundays, all in violation of State law.

Action first was commenced against plaintiff in the West Central Regional Office of FNS. Larry Rose, a food stamp review officer of the United States Department of Agriculture, approved the Regional Office's determination that rescission was proper under these circumstances. Plaintiff then brought suit here to challenge these administrative rulings.

On October 29, 1975, a stay-order was issued, temporarily staying implementation and execution of the administrative rulings until a trial on the merits could take place.

All parties filed a pre-trial stipulation on July 20, 1976. The facts are uncontested. Between November of 1971 and September of 1974, plaintiff was arrested and convicted on five occasions for selling alcoholic beverages on Sunday and for selling alcoholic beverages in his store and adjoining

apartment without a license, all in violation of local laws. He has been incarcerated as well as fined as the result of these convictions.

Plaintiff argues that withdrawing his approval to participate in the food stamp program will serve as an inconvenience to his customers and ruin his business. Regarding the first argument: there are two other grocery stores within four blocks of plaintiff's establishment which are approved and do accept food stamps; they stay open twelve hours a day (slightly less convenient than plaintiff's store staying open from 6:00 A.M. to 9:00 P.M. seven days a week); most of plaintiff's food stamp customers obtain their food stamps in downtown Shreveport; and in traveling to acquire the stamps, they must pass several other grocery stores nearby, which accept food stamps.

The case came on for trial on August 13, 1976, primarily to argue the law. In the Government's effort to withdraw Spurs' approval to participate in the food stamp program, two important issues of law must be decided. First, are Spurs' convictions for violating local laws governing the sale of liquor grounds for withdrawing approval by FNS? Second, whether convictions for the liquor violations damaged his business integrity and reputation to the extent that the withdrawal was justified?

Title 7 U.S.C. § 2017[1] and its implementing regulation[2] show that the business integrity and reputation of a retail food store owner are important in considering whether to approve him for the food stamp program; and a memorandum issued within FNS[3] shows clearly that any convictions having a bearing on the business integrity or reputation of grocers are to be con-

---

1. "(a) Regulations issued pursuant to this chapter shall provide for the submission of applications for approval by retail food stores and wholesale food concerns which desire to be authorized to accept and redeem coupons under the food stamp program and for the approval of those applicants whose participation will effectuate the purposes of the food stamp program. In determining the qualifications of applicants there shall be considered among such other factors as may be appropriate, the following: (1) the nature and extent of the retail or wholesale food business conducted by the applicant; (2) the volume of coupon business which may reasonably be expected to be conducted by the applicant retail food store or wholesale food concern; and (3) the business integrity and reputation of the applicant. Approval of an applicant shall be evidenced by the issuance to such applicant of a nontransferable certificate of approval.

"(b) Regulations issued pursuant to this chapter shall require an applicant retail food store or wholesale food concern to submit information which will permit a determination to be made as to whether such applicant qualifies, or continues to qualify, for approval under the provisions of this chapter or the regulations issued pursuant to this chapter. Regulations issued pursuant to this chapter shall provide for safeguards which restrict the use or disclosure of information obtained under the authority granted by this subsection to purposes directly connected with administration and enforcement of the provisions of this chapter or the regulations issued pursuant to this chapter.

"(c) Any retail food store or wholesale food concern which has failed upon application to receive approval to participate in the food stamp program may obtain a hearing on such refusal as provided in section 2022 of this title."

2. "§ 272.1 Approval of retail food stores, wholesale food concerns, and meal services.

"(a) Firms desiring to participate in the program shall file an application with FNS, in such form as FNS may prescribe.

"(b) An applicant shall provide sufficient data on the nature and scope of the firm's business for FNS to determine whether such applicant's participation will effectuate the purpose of the program. In making such determination FNS shall consider:

"(1) The nature and the extent of the food business conducted by the applicant;

"(2) The volume of food stamp business which may be reasonably expected to be done by the applicant;

"(3) The business integrity and reputation of the applicant; and

"(4) Such other factors as FNS considers pertinent to the application under consideration.

\* \* \*"

3. FNS (FS) Instruction 741–2(III). See (attached as Appendix A to the Government's post-trial memorandum):

"C *Business Integrity and Reputation of the Applicant.* The evidence required to deny authorization of an applicant because of his 'business integrity' or 'reputation' must be well documented. Several types of evidence would be acceptable for denial such as:

"1 Official court or police records of convictions for violations of the criminal statutes in

sidered in the applicant's effort to be, or to remain, approved.

Plaintiff was entitled to a trial *de novo* in this Court under the terms of 7 U.S.C. § 2022[4] subsequent to the administrative hearings. Spurs, the allegedly aggrieved grocer, bears the burden here of proving by a clear preponderance of the evidence, that the administrative rulings should be reversed. Even if he could adduce substantial evidence that the administrative rulings were incorrect, they must stand unless he meets his burden.[5]

As noted, plaintiff argues that withdrawing his approval to participate in the program will ruin his business. He should have considered this risk more thoroughly before violating liquor laws. His five convictions in a period of less than three years—an average of one each seven

matters which have a bearing on, or a relationship to, his general business integrity;

"2 Records or removal from other Federal programs or from programs sponsored by State or local governmental bodies;

"3 Court records of civil suits which clearly indicate that the applicant lacks business integrity and;

"4 Evidence that the application is an attempt to circumvent a disqualification period. "It is possible that in cases of this type a request for an investigation by the Office of Investigation (OI) *may be necessary prior to* the authorization of the questionable firm, so that the complete facts of the case may be available for consideration before a final decision is made. However, because of OI's heavy workload and the time required for an OI investigation, such a request will be necessary only when it is impossible for the Officer In Charge to secure the documentation necessary to determine the business integrity and reputation of the applicant."

4. "§ 2022. Administrative and judicial review "Whenever—

"(a) an application of a retail food store or wholesale food concern to participate in the food stamp program is denied,

"(b) a retail food store or a wholesale food concern is disqualified under the provisions of section 2020 of this title, or

"(c) all or part of any claim of a retail food store or wholesale food concern is denied under the provisions of section 2021 of this title, notice of such administrative action shall be issued to the retail food store or wholesale food concern involved. Such notice shall be delivered by certified mail or personal service. If such store or concern is aggrieved by such action, it may, in accordance with regulations promulgated under this chapter, within ten days of the date of delivery of such notice, file a written request for an opportunity to submit information in support of its position to such person or persons as the regulations may designate. If such a request is not made or if such store or concern fails to submit information in support of its position after filing a request, the administrative determination shall be final. If such a request is made by such store or concern, such information as may be submitted by the store or concern, as well as such other information as may be available, shall be reviewed by the person or persons designated, who shall, subject to the right of judicial review hereinafter provided, make a determination which shall be final and which shall take effect fifteen days after the date of the delivery or service of such final notice of determination. If the store or concern feels aggrieved by such final determination he may obtain judicial review thereof by filing a complaint against the United States in the United States district court for the district in which he resides or is engaged in business, or in any court of record of the State having competent jurisdiction, within thirty days after the date of delivery or service of the final notice of determination upon him, requesting the court to set aside such determination. The copy of the summons and complaint required to be delivered to the official or agency whose order is being attacked shall be sent to the Secretary or such person or persons as he may designate to receive service of process. The suit in the United States district court or State court shall be a trial de novo by the court in which the court shall determine the validity of the questioned administrative action in issue. If the court determines that such administrative action is invalid it shall enter such judgment or order as it determines is in accordance with the law and the evidence. During the pendency of such judicial review, or any appeal therefrom, the administrative action under review shall be and remain in full force and effect, unless an application to the court on not less than ten days' notice, and after hearing thereon and a showing of irreparable injury, the court temporarily stays such administrative action pending disposition of such trial or appeal."

5. *Goodman v. United States,* 518 F.2d 505 (5th Cir., 1975); *Modica v. United States,* 518 F.2d 374 (5th Cir., 1975); *Redmond v. United States,* 507 F.2d 1007 (5th Cir., 1975), rehearing denied, 510 F.2d 384 (5th Cir., 1975); *Smith v. United States,* 392 F.Supp. 1116 (W.D.La., 1975).

months—convince us that plaintiff does not possess a good reputation or portray adequate business integrity to participate in the food stamp program at this time. Indeed, we are convinced from his testimony that, if permitted to continue in the food stamp program, he would continue to violate the laws, ordinances, and regulations.

Plaintiff argues that his convictions do not make him unfit to participate. He points to the fact that he has had no further convictions since 1974; but, in doing so, he overlooks the seriousness of each conviction and the pattern of behavior these successive convictions portray. Moreover, the convictions stemmed from his grocery business, the same endeavor in which plaintiff would be handling food stamps. From all we can glean, he probably accepted food stamps in payment for his illicit liquor sales. He admitted he had been "bootlegging" for years.

Plaintiff further argues that he had one conviction before he was approved for the program, there was no place on the application requiring him to reveal his conviction, and there should be a duty explicitly to warn grocery owners against doing something which would jeopardize their approval to participate in the program. FNS was justified in not having a blank on the application to show plaintiff's prior conviction. The officials may assume an applicant has no previous criminal record and then revoke

approval if it later is discovered that the applicant had a criminal business record. Spurs had no right to ignore a conviction merely because he was not required to reveal it earlier.

Plaintiff also has no right to be warned that his approval to participate in the program is affected by his convictions. He is responsible for his actions, and he should have realized that his business and personal reputation might be questioned by convictions. In short, the fate of his approval rests in his own hands; we will not burden FNS officials with expressly warning him before taking action.

We commend FNS for acting here to strengthen the food stamp program. Public confidence in the program will dwindle, even disintegrate, if the existing laws and regulations are not enforced. Accordingly, although this is a matter of first impression—the first action in which FNS seeks to revoke a grocer's approval due to convictions unrelated to the transfer of food stamps—we hold that FNS acted squarely within the clear congressional import and intent of valid statutes and regulations governing food stamp program standards. Therefore, we are firmly of the view that approval justifiably was withdrawn by alert FNS officials.

FNS did not seek to disqualify Spurs under 7 CFR § 272.6.[6] Instead, it withdrew

---

**6.** "§ 272.6 Disqualification of retail food stores, meal services, and wholesale food concerns.

"(a) Any authorized retail food store, authorized meal service, or authorized wholesale food concern may be disqualified from further participation in the program by FNS for a reasonable period of time, not to exceed three years, as FNS may determine, if such firm fails to comply with the Food Stamp Act or the provisions of this part; except that, if the disqualification is based on failure of such firm to pay a monetary claim determined by FNS pursuant to § 272.7, such disqualification may be continued until such claim is paid. Any firm which has been so disqualified and which desires to be reinstated upon the end of the period of disqualification or at any time thereafter shall file a new application so that FNS may determine whether reinstatement is appropriate under the provisions of this part. Such an

application may be filed starting ten days before the end of the period of disqualification.

"(b) Any firm considered for disqualification under paragraph (a) of this section shall have full opportunity to submit to FNS information, explanation, or evidence concerning any instances of non-compliance before a final determination is made by FNS as to the administrative action to be taken. Prior to such determination, the firm shall be sent a letter of charges by the appropriate Regional Office, FNS. The letter shall specify the violations or actions which FNS believes constitute a basis for disqualification. Such letter shall inform the firm that it may respond either orally or in writing to the charges contained therein within ten days of the mailing date thereof, which response shall set forth a statement of evidence, information, or explanation pertaining to the specified violations or acts. Such response, if any, shall be made to the Officer-In-Charge,

approval under 7 CFR § 272.1, *supra*. A disqualification is limited to a maximum of three years, but it is designed to punish grocers who fail to keep adequate records, who accept stamps for non-food items, and other similar infractions. Neither the statute [7] nor the regulation [8] dealing with disqualifications mentions or implies anything concerning reputation or general business integrity. Instead, disqualification deals with infractions unrelated to the approval requirements. On the other hand, both the statute [9] and the regulation [10] dealing with approval expressly mention "business integrity" and "reputation" of the grocer.

To make the distinction, then, one can be disapproved when he lacks such things as business integrity and reputation, while he can be disqualified when, though earlier approved, he commits an infraction such as selling non-food items for stamps. Approval is not a single, final determination made at the outset of the grocer's participation, rather, it is a continuing requirement—one which the law permits to be withdrawn at any time for good cause, which here clearly has been proven to the hilt.

Consequently, we affirm the administrative withdrawal of Spurs' approval, and he must henceforth reapply and be reapproved in order to participate in the food stamp program. He can be reapproved after meeting the other requirements of 7 U.S.C. § 2017, if, but only if, he can show convincingly the negative reflection on his business integrity and reputation caused by his convictions no longer exists. Of course, this must be done administratively, not in a Court action.

Consequently, our stay-order issued herein on October 29, 1975, hereby is recalled and rescinded. Government counsel should submit a decree in accordance herewith for our signature within five days of this ruling.

---

FNS Field Office, who has responsibility for the project area in which the firm is located.

"(c) The letter of charges, the response, and such other information as may be available to FNS shall be reviewed and considered by the Chief, Retailer-Wholesaler Branch, Food Stamp Division, who shall then issue his determination.

"(d) The determination of the Chief, Retailer-Wholesaler Branch, Food Stamp Division, shall be final and not subject to further administrative or judicial review unless a written request for review is filed within ten days in accordance with § 272.8.

"(e) The mailing by certified mail or delivery by personal service of any notice required of FNS by this part will constitute notice to the addressee of the contents."

7. "§ 2020. Disqualification of retail stores and wholesale concerns

"Any approved retail food store or wholesale food concern may be disqualified from further participation in the food stamp program on a finding, made as specified in the regulations, that such store or concern has violated any of the provisions of this chapter, or of the regulations issued pursuant to this chapter. Such disqualification shall be for such period of time as may be determined in accordance with the regulations issued pursuant to this chapter. The action of disqualification shall be subject to review as provided in section 2022 of this title."

