**Huy Duc LUU, d/b/a Vina Trading Company, Plaintiff,**

v.

**UNITED STATES, of America, United States DEPARTMENT OF AGRICULTURE, FOOD AND NUTRITION SERVICE, Defendant.**

**No. 85-641C(1).**

United States District Court, E.D. Missouri, E.D.

Aug. 8, 1985.

Jeanene Moenckmeier, St. Louis, Mo., for plaintiff.

Joseph B. Moore, Asst. U.S. Atty., St. Louis, Mo., for defendant.

## MEMORANDUM

NANGLE, Chief Judge.

This is an action by plaintiff seeking review of the sanction imposed upon plaintiff by defendant for violations of the Food Stamp Act, 7 U.S.C. § 2011 *et seq.*

This case was tried to this Court sitting without a jury. This Court having considered the pleadings, the testimony of the witnesses, the documents in evidence, and the stipulations of the parties, and being fully advised in the premises, hereby makes the following findings of fact and conclusions of law, as required by Rule 52 of the Federal Rules of Civil Procedure. *Fed.R.Civ.P.* 52.

### A. FINDINGS OF FACT

1. Plaintiff Huy Duc Luu is the owner of Vina Trading Company, located at 8322 Lackland Road, St. Louis, Missouri 63114. The Vina Trading Company is operated by Mr. Luu, his wife, Dung My Phan, and his daughter, Tran Boi Luu.

2. Plaintiff began operating the Vina Trading Company in March, 1983, and on April 12, 1983, Mr. Luu received authorization to redeem Federal Food Stamps pursuant to the Food Stamp Act, 7 U.S.C. § 2011 *et seq.*

3. Defendant United States Department of Agriculture is an agency of the Federal Government which is charged with administering and enforcing the Food Stamp Act, 7

U.S.C. § 2011 *et seq.* The specific division of the Department of Agriculture that is charged with responsibility for the Food Stamp Program is the Food and Nutrition Service (hereinafter "FNS").

4. As part of this compliance program, FNS conducts investigations to determine whether stores authorized to redeem Federal Food Stamps do so in compliance with the rules and regulations of the Federal Food Stamp Program. Harold Mash is an investigator with the FNS and, in June of 1983, began conducting an investigation of alleged food stamp violations at the Vina Trading Company. Mr. Mash recruited My Quan Duong, a student of Chinese origin at the Meramec Campus of the St. Louis Community College, to assist him in his investigation.

5. As part of the investigation conducted by Mr. Mash, Ms. Duong visited and made purchases at the Vina Trading Company on June 28, 1983, July 19, 1983, August 9, 1983 and August 11, 1983. On each of these occasions, the Vina Trading Company accepted Federal Food Stamps for non-food merchandise. Although there was evidence to support a finding that on August 11, 1983, the Vina Trading Company accepted $20.00 in Federal Food Stamps in exchange for $20.00 in cash, this Court is not convinced that such a transaction occurred. This Court credits the testimony of Mr. Luu and his family that they never gave cash in exchange for food stamps. The cash allegedly received by Ms. Duong in exchange for the food stamps was not introduced at trial and there was no evidence, unlike the non-food items, that United States Department of Agriculture regulations require the FNS to give away cash obtained in food stamp investigations.

6. By letter dated July 10, 1984, plaintiff was notified by FNS that sales of non-food ineligible items in exchange for food stamps had been made at the Vina Trading Company. Subsequent to this notice of violation, on November 20, 1984, the FNS sent plaintiff a first notice of disqualification. This notice informed plaintiff that he was permanently disqualified from redeem-ing Federal Food Stamps. Mr. Luu requested Administrative Review of the disqualification and on February 14, 1985, the Administrative Review officer upheld the decision of the FNS to permanently disqualify plaintiff. On February 27, 1985, plaintiff received notice of his permanent disqualification. A preliminary stay was entered by this Court on March 19, 1985, preventing imposition of the permanent disqualification sanction pending a trial de novo before this Court.

## B. CONCLUSIONS OF LAW

This Court has jurisdiction of this case pursuant to 28 U.S.C. §§ 1331, 1441, 1442, and 7 U.S.C. § 2023(a). Plaintiff asks this Court to reverse the decision of FNS calling for his permanent disqualification from the Food Stamp Program. Plaintiff is entitled to a trial de novo before this Court under 7 U.S.C. § 2023 and 7 C.F.R. § 279.-10(c). *See also Abdel v. United States,* 670 F.2d 73 (7th Cir.1982).

The issue before this Court is whether FNS justifiably permanently disqualified plaintiff from participation in the Food Stamp Program under 7 U.S.C. § 2021(b). This Court may set aside the agency action upon a finding that it is invalid. *Modica v. United States,* 518 F.2d 374, 376–77 (5th Cir.1975).

Plaintiff was charged with "trafficking" in Federal Food Stamps, which is defined in 7 C.F.R. § 271.2 as the "buying or selling of coupons ... for cash." Plaintiff was permanently disqualified from participation in the Federal Food Stamp Program, because this is the sanction mandated for "trafficking". 7 U.S.C. § 2021(b)(3). However, this Court concludes that plaintiff did not engage in "trafficking", because he did not exchange cash for Federal Food Stamps. *See Findings of Fact No. 5.* This does not mean that plaintiff did not violate the provisions of the Food Stamp Act. Plaintiff did sell non-food items for Federal Food Stamps, in violation of the Food Stamp Act and the regulations promulgated thereunder. The sanction for this type of violation in the first instance is disquali-

fication for a "reasonable period of time, of no less than six months nor more than five years". 7 U.S.C. § 2021(b)(1).

Because plaintiff did not engage in "trafficking", the sanction imposed by FNS is invalid. However, a sanction must be imposed for plaintiff's other violations. In the opinion of this Court, plaintiff should be disqualified for a period of six (6) months from participation in the Federal Food Stamp Program.