Faisal Rafat **GHOSEIN**, Plaintiff,

v.

**UNITED STATES DEPARTMENT OF AGRICULTURE, Defendant.**

No. 84–1384C(1).

United States District Court,
E.D. Missouri, E.D.

Sept. 11, 1985.

*vette,* 335 F.Supp. 886 (E.D.Pa.1971), *aff'd,* 477 F.2d 1014 (3d Cir.1973).

Donald V. Nangle, St. Louis, Mo., for plaintiff.

Henry J. Fredericks, Asst. U.S. Atty., St. Louis, Mo., for defendant.

### MEMORANDUM

NANGLE, Chief Judge.

Plaintiff, Faisal Rafat Ghosein, brought this action in the form of a trial de novo. He seeks reversal of the decision of the Secretary of Agriculture which disqualified him from participation in the Food Stamp Program. 7 U.S.C. § 2011 *et seq.*

This case was tried to the Court sitting without a jury. The Court having considered the pleadings, the testimony, the documents and evidence, and the stipulations of the parties, and being fully advised in the premises, hereby makes the following findings of fact and conclusions of law, as required by Rule 52 of the Federal Rules of Civil Procedure. *Fed.R.Civ.P.* 52.

### A. FINDINGS OF FACT

1. Plaintiff Faisal Rafat Goshein was a resident of the State of Missouri and is the owner of a store, North and South Market. He is a participant in the Food Stamp Program under 7 U.S.C. § 2011 *et seq.*

2. Defendant United States Department of Agriculture is an agency of the Federal Government which is charged with administering and enforcing the Food Stamp Program.

3. In 1977, plaintiff purchased a store with his brother-in-law, Shawqui Jaouni, known as the Joe and Brother Market, Inc. The owners made an application to the Department of Agriculture for participation in the Food Stamp Program. The application was accepted and the North and South Market became an eligible recipient of food stamps.

4. In February, 1980, plaintiff purchased the entire business from Jaouni, and renamed the store North and South Market.

5. Plaintiff informed the Department of Agriculture of the name change. The Government's records do not reflect the change in ownership, however. Mr. Ghosein did not intentionally conceal the change in ownership from the Government or purposefully evade any of the Government's regulations regarding the change in ownership.

6. On August 19, 1982, Detective Michael Williams of the University City, Missouri Police Department entered plaintiff's store carrying ten $50.00 books of food stamp coupons. Detective Williams was dressed in street clothes.

7. Williams approached plaintiff, displayed the food stamps and proposed that plaintiff purchase the stamps for a specified sum. Williams delivered the coupons to plaintiff, but plaintiff returned them all to Williams immediately. In addition, plaintiff instructed Williams to leave the store.

8. A few minutes later Shawqi Jaouni entered the store. Williams approached

Jaouni and a conversation ensued. The two men retreated to the back room of the store where an exchange of food stamps for cash took place. Thereafter, Jaouni and Williams exited the market and continued their conversation in the parking lot.

9. Throughout the Jaouni/Williams discussions, plaintiff was attendant to his store. He had no knowledge of the food stamp transaction at the rear of his store.

10. The following day Detective Williams returned to the North and South Market to find an acquaintance of plaintiff, Najeïb Jabber, in the store. A few minutes later Jabber followed Williams out of the store and transferred some cash and jewelry to Williams in exchange for food stamps. Plaintiff did not participate in the transaction, and had no knowledge of it. Nor did plaintiff stage the meeting.

11. Upon learning of the Jabber transaction, several police officers entered the North and South Market and retrieved an empty food stamp coupon cover from Mr. Ghosein's desk. In addition, two $1.00 food stamp coupons bearing serial numbers of coupons which Detective Williams had previously carried into the store were discovered in the cash register. The evidence is not convincing that Mr. Ghosein was responsible for depositing the coupons and the cover in their respective localities, however.

12. The Food and Nutrition Service (FNS) disqualified plaintiff from participation in the Food Stamp Program for a period of one year on the basis of its finding that food stamp trafficking occurred at the store on August 19, 1982, in violation of the Food Stamp Act of 1977, 7 U.S.C. § 2011, et seq. A subsequent review by the Secretary's Administrative Review Office upheld the initial decision of FNS.

13. Plaintiff filed an action for reversal of the FNS decision in the Circuit Court of St. Louis County. The Government removed the action to this Court.

## B. CONCLUSIONS OF LAW

This Court has jurisdiction of this case pursuant to 28 U.S.C. §§ 1331, 1441, 1442, and 7 U.S.C. § 2023(a). Plaintiff asks this Court to reverse the decision of FNS calling for his disqualification from the Food Stamp Program for a period of one year. Plaintiff is entitled to a trial de novo under 7 U.S.C. § 2023 and 7 C.F.R. § 279.10(c). *See also Abdel v. United States,* 670 F.2d 73 (7th Cir.1982).

 The sole issue before this Court is whether FNS justifiably disqualified plaintiff from his participation in the Food Stamp Program under 7 U.S.C. § 2021(b). Plaintiff was accused by FNS of violating the provisions of 7 C.F.R. § 278.2, or accepting coupons for cash. This Court may set aside the agency action upon a finding that it is invalid. *Modica v. United States,* 518 F.2d 374, 376–77 (5th Cir.1975). Furthermore, this Court's review in a trial de novo is broader than under the Administrative Procedure Act. The Court must reach its own legal and factual conclusions based upon a preponderance of the evidence. The party seeking the judicial review has the burden of proof. *Id.* at 377; *Ramirez v. United States,* 514 F.Supp. 759 (D.P.R. 1981).

 This Court concludes that FNS improperly disqualified plaintiff from his participation in the Food Stamp Program. He was clearly the sole owner of North and South Market at the time of the incidents involved, and thus only those incidents in which Mr. Ghosein participated or had knowledge of can serve as a basis for the disqualification of North and South Market from food stamp participation. This Court is not convinced that Mr. Ghosein was responsible for, or had knowledge of any of the alleged instances of food stamp trafficking in his store.

The evidence in support of this conclusion is Mr. Ghosein's testimony that he ordered Williams out of his store when Williams offered the food stamps to plaintiff in exchange for money. The Detective even concedes that Ghosein twice refused the proffered sale. With respect to the accusation that Ghosein retained one $50.00 book of food stamps, Williams could not verify that he observed Mr. Ghosein retain

the book. The Court is not convinced that plaintiff observed any of the transactions in question or had knowledge as to how the two marked food stamps or book cover entered his possession. Thus, plaintiff has established by a preponderance of the evidence that the Secretary of Agriculture wrongfully disqualified him from participation in the Food Stamp Program. *Modica v. United States*, 518 F.2d at 377; *Ramirez v. United States*, 514 F.Supp. at 763.

 Finally, plaintiff filed a motion in limine prior to trial to exclude any evidence concerning the Jabber incident because the Secretary did not rely upon that incident in disqualifying plaintiff from food stamp participation. In a trial de novo, however, the Government is not restricted to the evidence presented at the administrative level. *United States v. Texas Pipe Line Co.*, 528 F.Supp. 728, 731–32 (E.D.Okla.1978), *aff'd* 611 F.2d 345 (10th Cir.1979). The Government asserts that the Jabber incident establishes an attempt to violate the Government regulations and to show an absence of mistake under 7 C.F.R. § 278.6(d). This Court concludes that the evidence of the Jabber incident is admissible for the purpose of establishing Mr. Ghosein's intent to violate the statute. In view of the judgment of the Court, plaintiff was not prejudiced by the admissibility of the evidence, however.

For these reasons, this Court concludes that plaintiff has established that the agency improperly disqualified him from participation in the Food Stamp Program.

**ORDER**

Pursuant to the memorandum filed herein this day,

IT IS HEREBY ORDERED, ADJUDGED and DECREED that judgment be and is entered for plaintiff, and the decision of the United States Department of Agriculture disqualifying plaintiff from participation in the Food Stamp Program be and is reversed.