Sam **SALAMEH,** d/b/a Kinloch
Supermarket, **Plaintiff,**

v.

**UNITED STATES of America,**
**Defendant.**

No. 86–722C(6).

United States District Court,
E.D. Missouri.

Aug. 27, 1986.

Michael D. Rudloff, Rudloff, Nelson & Kelly, Sidney Faber, St. Louis, Mo., for plaintiff.

Joseph B. Moore, Asst. U.S. Atty., St. Louis, Mo., for defendant.

## ORDER AND MEMORANDUM

GUNN, District Judge.

IT IS HEREBY ORDERED that the motion of the United States for summary judgment in the above-styled action be and it is granted.

Plaintiff Sam Salameh is the owner and manager of the Kinloch Supermarket, a retail food store located in North St. Louis authorized by the Food and Nutrition Service (FNS) of the United States Department of Agriculture to accept Food Stamps as payment for goods sold. In June of 1985, Roslyn Morgan, an investigative aide for the FNS, exchanged $13.00 in food stamp coupons for $5.00 in cash at the store.[1] This transaction in violation of 7 C.F.R. § 278.2(a) ("coupons may not be accepted in exchange for cash ...") was effected by Kasin Salameh, plaintiff's brother, who was employed on the date in question as a clerk at the supermarket. The Food and Nutrition Service notified plaintiff of the charges against him on August 27, 1985. On September 9, 1985, Sharon Pfeiffer, assistant manager of the store, replied orally to the charges at the FNS Field Office. On January 13, 1986, Robert J. Higginbotham, Chief, Coupon Use & Redemption Section, Family Nutrition Programs, sent plaintiff a letter informing him that the Kinloch Supermarket would be permanently suspended from the Food Stamp Program and informing him of his appeal rights. On January 27, 1986 the Administrative Review Staff of the FNS notified plaintiff that his request for review had been granted. On March 5, 1986 the Administrative Review Staff notified plaintiff's attorney and on March 17, 1986 the Administrative Review Staff notified plaintiff that his disqualification had been confirmed. These letters further notified plaintiff of his right of appeal to this Court pursuant to 7 U.S.C. § 2023. This sequence of administrative review complies fully with the regulations governing the Food Stamp Program, 7 C.F.R. § 278.6 *et seq.*

On June 9, 1986 plaintiff sought and obtained a temporary restraining order before this Court, pursuant to which execution of the mandatory sanction prescribed for a "trafficking" violation—permanent disqualification from the food stamp program, 7 C.F.R. § 278.6—has been stayed pending this appeal.

7 U.S.C. § 2023 sets forth the procedures for judicial review of final administrative action in disqualification cases. The section provides for a trial de novo by the district court and has been interpreted to require a complete independent adjudication of the merits of the aggrieved party's complaint. *Modica v. United States*, 518 F.2d 374 (5th Cir.1975); *Saunders v. United States*, 507 F.2d 33 (6th Cir.1974). The district court is not bound by the factual findings of the agency, and may consider new evidence in arriving at its factual and legal conclusions. *Modica*, 518 F.2d 374.

The power of this Court to hear evidence de novo, however, does not preclude the Court from granting summary judgment where a movant has demonstrated that there exist no genuine factual issues to be tried. *Id.* at 376, *citing Saunders*, 507 F.2d 33; *Save More of Gary, Inc. v. United States*, 442 F.2d 36 (7th Cir.), *cert. dismissed*, 404 U.S. 987, 92 S.Ct. 535, 30 L.Ed.2d 549 (1971).

---

1. Ms. Morgan was also permitted at that time to purchase non-food items—plastic sandwich bags—with food stamps, in violation of 7 C.F.R. § 278.2. Inasmuch as the "trafficking" violation carries a mandatory penalty of permanent disqualification from the food stamp program, however, the meetness of the sanction imposed for the lesser violation is a moot issue before this Court.

In the instant case the government moves for summary judgment on the basis of the administrative record and two sworn affidavits of Ms. Morgan and her supervisor, Harold Mash, attesting to the procedures followed in sending Ms. Morgan on her investigative shopping spree and to the transaction between Ms. Morgan and Mr. Kasin Salameh that took place in the Kinloch Supermarket. In his memorandum in opposition to summary judgment plaintiff "denies that the pertinent transaction occurred in the manner alleged by defendant. Plaintiff agrees that an employee of plaintiff engaged in a transaction, but submits that said transaction was the result of entrapment...." Plaintiff filed no documentary materials or affidavits in support of his position.

In ruling on a motion for summary judgment, this Court is bound to regard the facts alleged and the inferences that may be derived therefrom in the light most favorable to the non-moving party, *Buller v. Buechler*, 706 F.2d 844, 846 (8th Cir.1983), and to grant the motion only if it is persuaded that no genuine issues of material fact remain in the case and that the movant is entitled to judgment as a matter of law. Rule 56(c), Fed.R.Civ.Pro. While the non-moving party enjoys the benefit of all favorable inferences, he may not rest on the allegations of his pleadings and must, upon notice of a motion against him supported by affidavit, come forward with affirmative evidence in the form of documents or affidavits to counter the proof offered by the movant and demonstrate to the Court that specific factual issues remain requiring resolution at trial. Rule 56(e), Fed.R.Civ.Pro.

 In the instant case plaintiff has failed to satisfy this burden of production.

While he has generally denied defendant's representation of the facts,[2] he has offered no evidence that events transpired other than as related by the government. He has failed even to submit a sworn affidavit denying the averments contained in the affidavits submitted by the government. Summary judgment is therefore appropriate. *See Saunders*, 507 F.2d at 35.

Accordingly, the government's motion is granted and the permanent disqualification from the Food Stamp Program entered against plaintiff by the FNS is affirmed.[3]

---

**2.** Plaintiff has further offered a defense of entrapment. There is nothing within the facts as set forth in the government's affidavits or in the administrative record that suggests that Mr. Salameh was "either an innocent seduced by a government agent or one whose resistance was overcome." *Pierce v. United States*, 414 F.2d 163, 165 (5th Cir.), *cert. denied*, 396 U.S. 960, 90 S.Ct. 435, 24 L.Ed.2d 425 (1969). Ms. Morgan merely provided Mr. Salameh the opportunity to commit a violation.

**3.** Plaintiff in his opposition to defendant's motion argued as well that liability for the violation alleged in this case could not be based on a theory of *respondeat superior*. The Eighth Circuit has ruled that employer liability will indeed attach for "trafficking" violations committed by employees. *PTF Enterprises, Inc. v. United States*, 558 F.Supp. 1317 (W.D.Mo.), *aff'd without op.*, 706 F.2d 908 (8th Cir.1983).