**UNITED STATES of America,
Plaintiff-Appellee,**

**v.**

**Esta Margarita VOLKSEN, a/k/a Esta Margarita Slusher,
Defendant-Appellant.**

No. 85–1305
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

July 22, 1985.

Rehearing Dismissed as Moot
Sept. 4, 1985.

Stan Brown, Abilene, Tex., (Court Appointed), for defendant-appellant.

James A. Rolfe, U.S. Atty., C. Richard Baker, Lubbock, Tex., for plaintiff-appellee.

Before GEE, JOHNSON and DAVIS, Circuit Judges.

PER CURIAM:

Esta Margarita Volksen was indicted on charges relating to possession and distribution of cocaine. After a hearing, the district court ordered Volksen to be detained without bond until trial. We affirm.

### Background

Volksen was charged in ten counts of a fourteen-count indictment with conspiracy to possess with intent to distribute cocaine, distribution of cocaine, and use of communication facilities to commit these offenses. At Volksen's first appearance before the magistrate, the government requested a detention hearing, and the magistrate held the hearing several days later. After the

hearing, the magistrate ordered Volksen detained until trial because the magistrate found probable cause to believe Volksen committed an offense for which the maximum term of imprisonment is ten years or more and because Volksen was involved in drug trafficking. Volksen filed a motion in the district court to revoke the magistrate's order, and the district court ordered the magistrate to hold an additional hearing. After this hearing, the magistrate declined to revoke his previous detention order because Volksen had not rebutted the presumption established by the Bail Reform Act of 1984, 18 U.S.C. § 3142(e)[1] that no condition or combination would assure the safety of the community if she were released pending trial.

Volksen then filed a motion in the district court requesting a hearing de novo before the district judge to reconsider the magistrate's detention order. The district court granted this motion and held the requested hearing. After the hearing, the district court affirmed the magistrate's order of detention. In addition to affirming the magistrate's findings of fact, the district court found that Volksen likely would flee the jurisdiction if she were released pending trial. Volksen appeals.

### Analysis

■ Volksen first contends that the government failed to comply with relevant provisions of the Bail Reform Act of 1984 in requesting the magistrate to order her detained pending trial. Specifically, Volksen contends that she was not given adequate notice of the government's intention to seek pretrial detention and that the government failed to make a written motion to hold a detention hearing. Volksen also contends, citing *United States v. Chimurenga*, 760 F.2d 400 (2d Cir.1985), that

because of the government's procedural errors, the rebuttable presumption against pretrial release established by 18 U.S.C. § 3142(e) should not arise.

These contentions are meritless. Volksen's initial appearance before the magistrate occurred on March 1, 1985, and the magistrate appointed counsel for her at that time. When the government made its oral motion for pretrial detention at a hearing on March 6, Volksen did not object or seek a continuance. Volksen's counsel did not seem surprised by the motion and indicated that he understood the rebuttable presumption provisions of Section 3142(e). Contrary to Volksen's contention, 18 U.S.C. § 3142(f)(1) does not expressly require the government to make a written motion for pretrial detention. Finally, Volksen's reliance on the *Chimurenga* case is misplaced. That case held that section 3142(e)'s rebuttable presumption does not apply where the government has not yet charged the accused with an offense enumerated in section 3142(e). *Chimurenga* is inapplicable here because Volksen had been charged with the drug offenses at the time of the detention hearing.

■ Volksen next contends that the district court's finding that no condition or combination of conditions will reasonably assure the safety of any other person and the community was not supported by clear and convincing evidence because the government presented no evidence as to the various conditions of bail available. This contention is meritless. Because drug crimes were charged in the indictment, section 3142(e)'s rebuttable presumption against pretrial release applied and the magistrate and the district court ruled that Volksen did not present evidence sufficient to rebut this presumption. In addition, the magistrate and the district court found that

---

**1.** 18 U.S.C. § 3142(e) provides in pertinent part: Subject to rebuttal by the person, it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community if the judicial officer finds that there is probable cause to believe that the person committed an offense for

which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. 801 et seq.), the Controlled Substances Import and Export Act (21 U.S.C. 951 et seq.), section 1 of the Act of September 15, 1980 (21 U.S.C. 955a), or an offense under section 924(c) of title 18 of the United States Code.

the government evidence went beyond the presumption to show that Volksen was a narcotics trafficker.

The magistrate's and district court's findings are clearly correct and their rulings are supported by clear and convincing evidence. The government presented evidence of Volksen's participation in numerous drug and unlawful firearms transactions. Although Volksen presented the testimony of her friends and neighbors that she would not flee or sell drugs if released on bond, the government presented overwhelming evidence that Volksen had dealt heavily in drugs before her arrest on state drug charges in June 1984. Finally, the government presented evidence that Volksen was associated with the Bandido motorcycle gang in Houston and that Volksen had told an informant that she would flee to Canada rather than go to prison. Contrary to Volksen's contention, the magistrate and the district court considered the various factors outlined in section 3142(g).[2] The magistrate and the district court committed no error in ruling that the government presented sufficient evidence to support an order of pretrial detention.

■ Finally, Volksen presents several constitutional challenges to the Bail Reform Act of 1984. Because these arguments are not fully briefed, but are merely stated in conclusory fashion, we need not

and do not address their merit. For the foregoing reasons, the judgment of the district court is

AFFIRMED.

2. 18 U.S.C. § 3142(g) provides:
The judicial officer shall, in determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community, take into account the available information concerning—
(1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug;
(2) the weight of the evidence against the person;
(3) the history and characteristics of the person, including—
(A) his character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

(B) whether, at the time of the current offense or arrest, he was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. In considering the conditions of release described in subsection (c)(2)(K) or (c)(2)(L), the judicial officer may upon his own motion, or shall upon the motion of the Government, conduct an inquiry into the source of the property to be designated for potential forfeiture or offered as collateral to secure a bond, and shall decline to accept the designation, or the use as collateral, of property that, because of its source, will not reasonably assure the appearance of the person as required.