Charles Rice Young & Assoc., Charles Rice Young, Houston, Tex., for plaintiff-appellant.

Henry K. Oncken, U.S. Atty., Keith E. Wyatt, C.J. (Neil) Calnan, James R. Gough, Asst. U.S. Attys., Houston, Tex., for defendant-appellee.

**CULLEN DRIVE–IN GROCERY,**
**Plaintiff-Appellant,**

v.

**John R. BLOCK, Secretary, Department of Agriculture, Defendant-Appellee.**

No. 85–2389
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Dec. 26, 1985.

Before CLARK, Chief Judge, WILLIAMS and HIGGINBOTHAM, Circuit Judges.

PER CURIAM:

Appellant Cullen Drive-In Grocery is a retail food store located in Houston, Texas. It is owned by Fouzan Arar and Saleh Odat and a former owner, Joseph Montalbano, was employed in the store. In the spring of 1984, Arar, Odat, and Montalbano pled guilty to acquiring food stamps of a value in excess of $100.00 by unlawful purchase for cash in violation of 7 U.S.C. § 2024(b)(1).

The Department of Agriculture, based upon the violations, notified the owners that the store was being permanently disqualified in the food stamp program under 7 C.F.R. § 278.6(e)(1)(i). The owners asked for administrative review of their store's disqualification but did not deny or contest the food stamp purchase violations. In a hearing before the Review Officer, the co-owners claimed that the store's disqualification would be a hardship on area food stamp households and might preclude the

firm continuing in business. The Review Officer found that the purchase of food stamp violations had occurred, and that the law mandated permanent disqualification under 7 U.S.C. § 2021(b)(3). There was also a finding that hardship on food stamp households or on the retailer could not be considered since 7 C.F.R. § 278.6(f) prohibits a civil money penalty in lieu of permanent disqualification.

The store petitioned for judicial review of the permanent disqualification. The district court upon the review granted the agency's motion for summary judgment. The store timely appealed.

We review the summary judgment. Cases arising under the Food Stamp Act, 7 U.S.C. § 2011, *et seq.*, may be resolved in the district court by summary judgment where there are no genuine issues of material fact. *Modica v. U.S.*, 518 F.2d 374, 376 (5th Cir.1975). On appeal we apply the same standard for review of the summary judgment used by the district court. *See U.S. Steel Corp. v. Darby*, 516 F.2d 961, 963 (5th Cir.1975).

The store concedes the violation of the Act, but challenges the permanent disqualification sanction. The store argues that the sanction is unwarranted in law because it is based on an administrative regulation, 7 C.F.R. § 278.6(f), that conflicts with the enabling legislation, 7 U.S.C. § 2021.

This contention is not in accordance with the law. 7 U.S.C. § 2021, provides:

(a) Any approved retail food store or wholesale food concern may be disqualified for a specified period of time from further participation in the food stamp program, or subject to a civil money penalty of up to $10,000 for each violation if the Secretary determines that its disqualification would cause hardship to food stamp households, on a finding, made as specified in the regulations, that such store or concern has violated any of the provisions of this chapter or the regulations issued pursuant to this chapter.

(b) Disqualification under subsection (a) of this section *shall be—*

(1) for a reasonable period of time, of no less than six months nor more than five years, upon the first occasion of disqualification;

(2) for a reasonable period of time, of no less than twelve months nor more than ten years, upon the second occasion of disqualification; and

(3) *permanent* upon the third occasion of disqualification or the *first occasion* of a disqualification based on the *purchase of coupons* or trafficking in coupons or authorization cards by a retail food store or wholesale food concern. (Emphasis added).

The store's violation clearly falls under (b)(3) which imposes a permanent disqualification when coupons are purchased. Then, under agency regulation the agency may not impose a monetary penalty in lieu of the permanent disqualification. 7 C.F.R. § 278.6(f).

The regulation does not conflict with the statute. Regulations implementing statutes are valid unless unreasonable or inconsistent with the statutes. *United States v. St. Bernard Parish*, 756 F.2d 1116, 1124 (5th Cir.1985). The statute authorizes sanctions of increasing severity. Congress itself determined that a first offense of purchasing coupons warranted permanent disqualification. The regulation then implements this severe sanction and upholds the Congressional assessment of the seriousness of purchasing coupons by prohibiting a monetary penalty in lieu of the statutorily mandated permanent disqualification. Under these circumstances we have no difficulty in finding that the Secretary's regulation is within his authority and is consistent with the statutory mandate. *Boske v. Comingore*, 177 U.S. 459, 470, 20 S.Ct. 701, 705, 44 L.Ed. 846 (1900).

In a single sentence in its brief, the store also contends that the regulation deprives it of the equal protection of the laws. Because this contention is only stated as a conclusion and is not briefed at all we need not address it. *United States v. Volksen*, 766 F.2d 190, 193 (5th Cir.1985). We are not pointed to any circumstance which

would indicate that the regulation fails to be rationally related to the statute or that there has been discriminatory application. *See Mourning v. Family Publications Service, Inc.*, 411 U.S. 356, 369, 93 S.Ct. 1652, 1660, 36 L.Ed.2d 318 (1973); *State of Florida v. Mathews*, 526 F.2d 319, 325 (5th Cir.1976).

We find no genuine issue of material fact. The sanction is in accordance with the law. The district court's summary judgment in favor of the Department is

AFFIRMED.