Billy Joe BORDELON, d/b/a Bordelon's Central Fish Market

v.

John R. BLOCK, Secretary of the United States Department of Agriculture.

Civ. A. 85–3246.

United States District Court, W.D. Louisiana, Alexandria Division.

May 21, 1986.

---

B. Dexter Ryland, Garrett, Ryland & Nunnally, Alexandria, La., for plaintiff.

Joseph S. Cage, Jr., U.S. Atty., John R. Halliburton, Asst. U.S. Atty., Shreveport, La., for defendant.

## RULING

LITTLE, District Judge.

Plaintiff is the owner of a fish market in Alexandria, Louisiana. He has filed this action under 7 U.S.C. § 2023 seeking judicial review of the defendant's administrative decision to disqualify him permanently from participation in the Food Stamp Program, 7 U.S.C. § 2011 *et seq.* Specifically plaintiff claims that the sanction of permanent disqualification is harsh and will cause him irreparable harm. Defendant has responded with a general denial of plaintiff's claims and now moves for summary judgment on the grounds that no genuine issues of material fact are in dispute and judgment in his favor should be entered as a matter of law.

## FACTS

On 21 July 1983, Patrick Martinez entered Bordelon's Central Fish Market with $65 worth of United States Department of Agriculture (USDA) food coupons. Martinez is now and was then an investigator with the Compliance Branch of the Food and Nutrition Service, USDA. He purchased two food items worth $8.75 with one $10 coupon and received from the check-out clerk the correct change by way of one $1 coupon and 25¢ in cash.

After the merchandise transaction, Martinez asked the clerk if "the boss" was in the store. The clerk pointed out Billy Joe Bordelon. After approaching Bordelon, Martinez explained that he had received $24 worth of food stamps through the sale of shrimp from his shrimp route and wondered if Bordelon would give him cash in exchange. Bordelon instructed the clerk to give Martinez $23 in return for $24 worth of coupons. Martinez was told that $1 had to be charged for tax purposes.

Martinez exited the store and prepared a transaction report detailing the events occurring in the Bordelon market. On 28 September 1984 a report of a positive investigation, including Martinez's report, was submitted to the USDA office in Dallas, Texas.

On 6 February 1985 Bordelon received a "charge" letter from Joseph Turecky, Chief, Compliance Management, Family Nutrition Programs. The letter advised Bordelon that he was being charged with violating 7 C.F.R. § 278.2(a) in that he accepted food coupons in exchange for cash. Bordelon denied the charge. The case was reviewed and Turecky concluded that Bordelon's permanent disqualification from the program was mandated. Bordelon was notified of this result.

After a timely administrative appeal, the case was sent to Larry Rose, an administrative review officer with the USDA. He met with Bordelon on 26 September 1985 and completely reviewed the file *de novo.* Rose concluded that the violation did occur and upheld the initial determination.

Bordelon timely appealed to this Court on 12 November 1985. He no longer denies that the violative transaction occurred. He now alleges that he was unaware that the USDA was alleging that he gave a "fellow businessman" cash for food stamps. He claims that no injustice is done to the enabling legislation when one businessman buys coupons from another businessman, if the coupons were originally received by the seller for food items in his normal course of business. He also alleges that the lack of information concerning the "fellow businessman" charge deprived him of due process of the administrative level.

## LAW

█ Cases arising under the Food Stamp Act, 7 U.S.C. §§ 2011 *et seq.*, may be resolved by summary judgment where there are no genuine issues of material fact. *Cullen Drive-In Grocery v. Block,* 778 F.2d 1141, 1142 (5th Cir.1985); *Modica v. United States,* 518 F.2d 374, 376 (5th Cir. 1975). On appeal, the court reviews find-

ings of retailer violations under the "preponderance of evidence" rule. The party seeking judicial review has the burden of proving by a preponderance of the evidence that the disqualification or sanction determination is invalid. *Goodman v. United States*, 518 F.2d 505, 507 (5th Cir.1975); *Modica, supra; Redmond v. United States*, 507 F.2d 1007, 1012 (5th Cir.1975).

Defendant has submitted the entire administrative record, as well as affidavits by Turecky and Martinez. The pertinent question now before this Court is whether, in rebuttal to defendant's evidence in favor of summary judgment, plaintiff has shown that there is a "genuine issue" of fact concerning any essential element of the claim on which judgment is being sought. *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1195 (5th Cir.1986). The Court finds that plaintiff has not met his burden.

 Plaintiff concedes that he exchanged money for food coupons, but challenges the permanent disqualification sanction. He argues that the sanction is unwarranted in law because he did not purchase the coupons from a program recipient but a fellow businessman. This contention is not a defense. Section 2021 of Title 7 U.S.C. provides:

(a) Any approved retail food store or wholesale food concern may be disqualified for a specified period of time from further participation in the food stamp program, or subject to a civil money penalty of up to $10,000 for each violation if the Secretary determines that its disqualification would cause hardship to food stamp households, on a finding, made as specified in the regulations, that such store or concern has violated any of the provisions of this chapter or the regulations issued pursuant to this chapter.

(b) Disqualification under subsection (a) of this Section *shall be*—

(3) *permanent* upon the third occasion of disqualification or the *first occasion* of a disqualification based on the *purchase of coupons* or trafficking in coupons or authorization cards by a retail food store or wholesale food concern. (emphasis added).

Plaintiff's violation clearly falls under (b)(3), which imposes a permanent disqualification when coupons are purchased. The USDA has no discretion to impose any other penalty. *See Cullen Drive-In Grocery v. Block, supra;* 7 C.F.R. § 278.6(f). Congress itself has determined that a first offense of purchasing coupons warrants permanent disqualification. *Id.* Nowhere has it been shown that any distinction is made between purchases from program recipients as opposed to program retailers. Plaintiff argues that the overall food stamp program policy of assisting the needy has not been injured by his action. *See* 7 U.S.C. § 2011. The Court must discount this argument, however, in light of the express congressional intent in 7 U.S.C. § 2021(b)(3) to disqualify permanently *any* purchase or trafficking of food stamps. Plaintiff also argues that the regulations allow certain businesses to buy coupons from other businesses, therefore, he should not be sanctioned. On the surface this argument has appeal, but upon careful review must fall.

 Pursuant to 7 C.F.R. § 278.3(a) an "authorized wholesale food concern may accept endorsed coupons from one or more specified authorized retail food stores, ... if the coupons are accompanied by a properly filled-out and signed redemption certificate, and are not marked 'paid,' 'cancelled,' or 'specimen.'" Also, "[a]n authorized wholesale food concern may redeem coupons, *properly accepted from retailers*, through the banking system, upon presentation of the coupons with: (1) the authorized retail food store's properly filled-out and signed redemption certificate for the coupons; and (2) the authorized wholesale food concern's properly filled-out and signed redemption certificate." 7 C.F.R. § 378.3(c) (emphasis added). Finally it must be noted that "[a]ll retail food stores

which wish to redeem coupons at wholesale food concerns shall use the redemption certificates for that purpose. An authorized retail firm using redemption certificates to redeem coupons shall fill out the redemption certificate to show the value of the coupons redeemed, the name of the insured financial institution or wholesaler, the date and the signature and title of the official of the firm redeeming coupons." 7 C.F.R. § 278.4(c).

According to the undisputed facts, none of the formalities was complied with in the above-quoted regulations. Indeed it is clear that Bordelon's Central Fish Market is not even an "authorized wholesale food concern" but rather a "specialty food" store. (Administrative record at exhibit 3). Plaintiff's store was not authorized to redeem other retailers' food coupons. The sanction was proper.

■ Plaintiff's final argument is that he was denied due process at the administrative level because defendant never advised him that the charge against him entailed a purchase from a fellow businessman. As shown above, the point is moot since plaintiff's store was not an authorized wholesale food concern. For reasons of completeness, however, the Court notes that plaintiff timely partook of the administrative process at each level and met personally with the administrative review officer. In short, he was afforded all the process he was due.

MOTION GRANTED.

### JUDGMENT

For the foregoing reasons it is hereby

ORDERED, ADJUDGED AND DECREED that there be judgment in favor of defendant, JOHN R. BLOCK, and against plaintiff, BILLY JOE BORDELON, d/b/a BORDELON'S CENTRAL FISH MARKET, and that the case be DISMISSED with prejudice and without cost to defendant.