**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Marvin L. TROSPER,**
**Defendant-Appellant.**

**No. 86–1812.**
**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

Jan. 30, 1987.

---

Steve Orr, Austin, Tex., for defendant-appellant.

Helen M. Eversberg, U.S. Atty., Richard H. Kamp, Asst. U.S. Atty., Austin, Tex., for plaintiff-appellee.

Before GEE, RUBIN and JOLLY, Circuit Judges.

E. GRADY JOLLY, Circuit Judge:

This case presents issues relating to the denial of bond to the appellant, Marvin Lee Trosper, on grounds that no condition or combination of conditions of bond could reasonably assure his appearance at trial. Trosper was indicted on November 4, 1986, for conspiring to possess and attempting to possess with intent to distribute approximately 12,000 tablets of methylenedioxy methempletamine (commonly known as MDMA or "ecstasy") in violation of 21 U.S.C. §§ 841(a)(1) and 846. Following a hearing,[1] the district court ordered that Trosper be detained pending trial pursuant to 18 U.S.C. § 3142. Trosper appeals the district court's order, contending that the district court erred, first, in applying the 18 U.S.C. § 3142 presumption that he would flee, and, second, in shifting the burden of persuasion to overcome that presumption to Trosper.[2]

I

18 U.S.C. § 3142 sets out the applicable procedure relating to the detention of a defendant pending trial. Under that statute, a hearing is to be held to determine whether any "condition or combination of conditions will reasonably assure the appearance of the person as required, and the safety of any other person and the community." 18 U.S.C. § 3142(e). The statute includes special provisions for defendants who are charged under the Controlled Substances Act, 21 U.S.C. §§ 801, et seq.

> Subject to rebuttal by the person, it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community if the judicial officer finds that there is probable cause to believe that the person committed an offense for which the maximum term of imprisonment of ten

---

1. The government's motion for detention pending trial was filed before a magistrate who held a hearing on November 5. That hearing was recessed until November 10 by request of Trosper's counsel, to allow time to compile a list of Trosper's assets. On appeal of the magistrate's decision to grant bail, the district court held a hearing on November 12 and recessed until November 14, again to allow Trosper time to obtain additional evidence. The district court incorporated the magistrate's findings into the record without objection. Unless otherwise necessary for clarity, we refer to all four evidentiary hearings collectively as "the hearing."

2. Trosper also states in his brief that he challenges the detention order on the grounds that it violates the eighth amendment and that the presumption created by 18 U.S.C. § 3142(e) is unreasonable. He does not brief these issues, however, and we do not address their merits. See United States v. Volksen, 766 F.2d 190, 193 (5th Cir.1985).

years or more is prescribed in the Controlled Substances Act. . . .

18 U.S.C. § 3142(e).

▮ Here the government contends that Trosper's appearance at trial cannot be reasonably assured by any combination of conditions of bail.[3] To prevail on its motion for detention pending trial, the government was required to establish this contention by a preponderance of the evidence. *United States v. Fortna,* 769 F.2d 243, 250 (5th Cir.1985). We have previously held that our review of a detention order under 18 U.S.C. § 3145(a) is limited; we will uphold the district court's order "if it is supported by the proceedings below." *Id.* at 250.

## II

We now turn to the proceedings to review the evidence that was before the district court. At the hearing, DEA agent Patrick Valentine testified that at the time of Trosper's arrest, he had $48,000 in cash in his possession and a promissory note for $80,000. A search of Trosper's house disclosed $107,000 in cash; Trosper's passport; a passport with Trosper's photograph, a birth certificate and other documentation in the name of "Michael Tyler"; and a March 1986 financial statement for Trosper revealing a net worth of approximately $1.2 million. In a search of Trosper's house following the arrest, officers located a safe deposit box key. The box was registered in Tyler's name and contained twelve birth certificates in other names, as well as what appeared to be a master list of fictitious names. Valentine also testified that he had reason to believe that Trosper possessed other identification material which could be used in an attempted flight.

Trosper's daughter, a student at the University of Texas who lives at home with her father, was present when Trosper was arrested. According to Valentine, the daughter possessed cocaine and claimed ownership of five "ecstasy" tablets found in the house at the time of the arrest. Valentine also stated that Trosper's daughter may have been involved with her father in the activities leading up to the arrest.

Trosper's father and brother testified at the hearing that they maintained a close relationship with Trosper although they live several hundred miles away and visit only occasionally. They were unaware of Trosper's possession of various false identification materials. Trosper's friend, Mike East, a police officer, also testified on Trosper's behalf. Trosper and East at one time attended the same church. East testified that Trosper had participated as a voluntary reserve officer with the local police force. He also stated that when Trosper told him of obtaining false identifications, East had advised him to dispose of them immediately.

Trosper testified regarding his financial condition. He has been involved in real estate and car sales businesses in Austin, Texas, for approximately thirteen years. He was unable to recall his income for the past several years but did state that he had received approximately $1 million in insurance proceedings following the murder of his wife about two years before. He stated that he had numerous bank accounts and investments, at least four of which were in the name of "Michael Tyler." In explanation of his false identification materials, Trosper stated that he obtained these materials for use as a reserve police officer. East did not corroborate this testimony.

## III

The district court held that Trosper's indictment under the Controlled Substances Act gave rise to a presumption that no

---

**3.** The government withdrew its contention that pretrial detention was required to protect the community from Trosper. We note that the United States Supreme Court this term will consider whether the provision of section 3142 relating to the safety of the community is constitu-

tional. *See United States v. Salerno,* 794 F.2d 64 (2d Cir.), *cert. granted,* —— U.S. ——, 107 S.Ct. 397, 93 L.Ed.2d 351 (1986). The constitutionality of pretrial detention for the purpose of avoiding flight by the defendant was not challenged before the Second Circuit. *Id.*

condition or combination of conditions could reasonably assure that Trosper would appear at trial. The court found that the testimony of Trosper's relationship with his family was insufficient to overcome the presumption, and that evidence of Trosper's financial condition was not dispositive of whether Trosper would appear at trial. The court relied on the presumption, strengthened by the government's evidence of Trosper's possession of numerous false identities, to hold that Trosper should be detained pending trial.

## IV

### A

▮ Trosper first challenges whether the presumption was properly imposed against him; specifically he argues that his mere indictment under the Controlled Substances Act is, alone, insufficient to establish the probable cause requisite to applicability of the presumption. Rather, relying on *United States v. Allen,* 605 F.Supp. 864 (W.D.Pa.1985), he contends that the presumption is only applicable upon a showing of probable cause independent of the indictment. Trosper's contention is unimpressive, however, because in *United States v. Volksen,* 766 F.2d 190, 192 (5th Cir.1985), this court stated that the presumption against pretrial release arises when drug crimes are charged in the indictment. *See also United States v. Hurtado,* 779 F.2d 1467, 1478–79 (11th Cir.1985); *United States v. Contreras,* 776 F.2d 51, 54 (2d Cir.1985); *United States v. Hazime,* 762 F.2d 34, 37 (6th Cir.1985). It is therefore clear that the presumption was properly applied to Trosper upon proof that he had been indicted under the Controlled Substances Act.

### B

#### (1)

▮ Trosper next argues that the district court impermissibly shifted the burden of persuasion to the defendant. Trosper's argument is that to overcome the statutory presumption, he had only the burden of producing evidence that he would not flee; but, he argues, the district court imposed an additional burden on him and required him to carry the burden of persuasion. His argument is that he satisfied the burden of production of evidence and that the district court's holding to the contrary had the effect of placing the burden of persuasion on him. In this case, this argument is reduced to nothing more than quibbling over semantics. Although it is true that the burden of persuasion remains with the government, the burden imposed on the defendant is the production of evidence supportive of the point for which it is offered.

▮ Here the evidence of family ties that Trosper introduced was simply not supportive for the point for which it was offered: the defendant's position that his appearance at trial could be reasonably assured. Trosper's evidence of family ties did not demonstrate relationships wherein the family members had some control, either physical or emotional, over Trosper's actions. Trosper's contact with his parents and brother, who lived several hundred miles away and were unaware of his false identities, is limited to occasional telephone calls and infrequent visits. Trosper's daughter shares the same house, but her possible involvement in the arrest and her admitted possession of cocaine and "ecstasy" pills do not lead to a conclusion that she could or would constrain her father's appearance at trial. Indeed, this evidence showed that she might have similar reasons not to stay in the area. The district court's conclusion that Trosper's family ties offered no assurance of his appearance at trial is therefore fully supported in the proceedings.

Trosper's evidence of his financial condition, aptly described by the district court as "murky," similarly does not constitute evidence competent to support a finding in Trosper's favor. His possession of a significant amount of cash and his numerous bank accounts, some of which were maintained in a name other than his own, lead to the conclusion that Trosper's financial

assets, liquid and secretive as they were, would be more likely to provide a means to flee than a reason to stay. The district court's conclusion that this evidence did not overcome the statutory presumption is therefore supported in the proceedings.

To summarize our holding concerning Trosper's arguments on having overcome the statutory presumption, we affirm the district court and hold that Trosper did not produce evidence of the quality or competence required to overcome the statutory presumption that he was not reasonably likely to appear at trial.

### (2)

In any event, the government here clearly met its burden of persuading the district court that no condition or combination of conditions of bond could reasonably assure that Trosper would appear at trial. In addition to showing the questionable character of Trosper's financial condition, the possible involvement of his daughter in the arrest and the casual relationship with his parents and brother, all of which served to undermine the competence of the evidence tendered by Trosper to overcome the presumption, the government also adduced evidence of Trosper's false identification material. It is true that the particular documents discussed at the hearing, i.e., the birth certificates found in the safe deposit box and the identification materials in the name of Michael Tyler, are no longer in Trosper's possession or available to him for assistance in fleeing. The district court, however, heard Valentine's testimony that he had reason to believe that other such materials were accessible to Trosper. This testimony is, of course, hearsay, but is admissible in a detention hearing. *Fortna,* 769 F.2d 243. Additionally, we find it reasonable to conclude from the significant amount of false identification material and from Trosper's incredible explanation for his possession of it, that other such documents exist and are available to him.

Finally, we observe that when on review by an appellate court, the burdens imposed by the statute here are to be viewed somewhat like the evidentiary burdens in a case under Title VII of the Civil Rights Act. *See, e.g., United States Postal Workers v. Aikens,* 460 U.S. 711, 103 S.Ct. 1478, 75 L.Ed.2d 403 (1983). When a case has been fully tried, the shifting of and the descriptions of evidentiary burdens become largely irrelevant and the question becomes whether the evidence as a whole supports the conclusions of the proceedings below. Here, clearly, it does.

### V

For these reasons, we hold that the district court's order is

AFFIRMED.