**UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 95-20798
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RUMALDO SOLIS,

Defendant-Appellant.

Appeal from the United States District Court
For the Southern District of Texas
(CR-H-94-272-14)

November 15, 1995

Before POLITZ, Chief Judge, DUHÉ and PARKER, Circuit Judges.

PER CURIAM:[*]

Rumaldo Solis appeals the district court's denial of a motion to revoke the order of detention entered by the magistrate judge based on a finding that Solis posed a serious flight risk. Persuaded that the record amply supports the findings of the courts *a quo*, we affirm.

Solis stands indicted for conspiracy to possess with intent to distribute five kilos of cocaine, in violation of 21 U.S.C. §§ 841 and 846. Solis, an employee for 14 years of the United States Immigration Service, assigned for the past eight years as an inspector at the

---

[*]Local rule 47.5 provides: "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession." Pursuant to that Rule, the Court has determined that this opinion should not be published.

Hidalgo Port of Entry, is accused, *inter alia* of using his position to aid and warn individuals involved in a major drug-trafficking conspiracy allegedly responsible for importing huge amounts of marihuana and cocaine from Mexico. The government provided evidence of substantial unexplained wealth, in certificates of deposit, cash, and real estate, exceeding $200,000, and of business and family contacts in Mexico, including persons allegedly associated with a Mexican drug-trafficker who is on the FBI's top-ten-most-wanted list.

The findings by the magistrate judge ordering detention and the magistrate judge conducting a hearing on a motion to reopen, and the implicit findings by the district court in denying the motion to revoke detention, indicate that Solis presents a serious risk of flight and that no condition or combination of conditions reasonably would assure his appearance for trial.

We review the appealed ruling, absent an error of law, under an abuse of discretion standard.[1] We perceive no error of law in the detention order,[2] nor do we find any factual finding subject to reversal or abuse of discretion in the application of controlling principles of law.[3]

AFFIRMED.

---

[1] **United States v. Rueben**, 974 F.2d 580 (5th Cir. 1992), cert. denied, 113 S.Ct. 1336 (1993) (involving a district court's revocation of detention order); **United States v. Hare**, 873 F.2d 796 (5th Cir. 1989) (involving a denial of a motion to revoke under 18 U.S.C. § 3145(b)).

[2] **United States v. Fortna**, 769 F.2d 243 (5th Cir. 1985).

[3] **United States v. Trosper**, 809 F.2d 1107 (5th Cir. 1987); **Reuben**.