IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 97-20012
Summary Calendar
_____


UNITED STATES OF AMERICA,

                                                    Plaintiff-Appellee,


versus

ROBERTO RIOJAS, JR.; DAVID CANTU; PEDRO MORENO; RAMIRO RIOJAS;
LUIS MORENO; LAZARO MORENO; IRELA YVETTE RIOJAS GONZALEZ;
MELBA RIOJAS MORENO; ROSANNA RIOJAS GUERRERO; JOSE LUIS CANTU;
EDUARDO MORENO; RENE GONZALEZ; CESAR MORENO, SR.; RENATO RIOJAS;
a/k/a Renato Riojas-Sandoval,

                                                    Defendants-Appellants.


- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-95-CR-142
- - - - - - - - - -
July 11, 1997
Before JONES, DeMOSS, and PARKER, Circuit Judges.

PER CURIAM:[*]

        Rosanna Riojas Guerrero ("Guerrero") appeals the

district court's order revoking the magistrate judge's order of

release pending trial. Although we find that the district court

erred in applying the statutory presumption of 18 U.S.C. §

3142(e) to Guerrero because she is not charged with any offenses

_____

        [*] Pursuant to 5th Cir. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5th Cir. R.
47.5.4.

in violation of the Controlled Substances Act, the Controlled Substances Import and Export Act, the Maritime Drug Law Enforcement Act, or 18 U.S.C. § 924(c), see 18 U.S.C. § 3142(e), we may still affirm the district court's order if the evidence at the detention hearing as a whole supports the conclusion of the district court.  See United States v. Rueben, 974 F.2d 580, 586 (5th Cir. 1992) (citing United States v. Trosper, 809 F.2d 1107, 1111 (5th Cir.1987)), cert. denied, 507 U.S. 940 (1993).  We find that it does.

Guerrero is charged with conspiracy to launder monetary instruments in violation of 18 U.S.C. §§ 1956-1601 (Count 5), money laundering in violation of 18 U.S.C. §§ 1956-1601 (Counts 159-160), conspiracy to evade currency reporting requirements in violation of 18 U.S.C. § 371 (Count 92), and structuring financial transactions to avoid currency reporting requirements in violation of 31 U.S.C. § 5324 (Count 168).

As the district court found, the underlying criminal activity for these charges stem from illegal drug trafficking activities involving two families who allegedly operate a very sophisticated and lucrative drug operation.  Guerrero is the daughter of the leader of one of the families, the Riojas family. Her husband, Eutiquio Guerrero, Jr., is the son of a convicted drug dealer who lives in Mexico.  As such, she has very close ties to the criminal organization.  She was recorded discussing with her father methods by which to launder money proceeds from

the criminal enterprise in order to avoid currency reporting requirements. Other co-indictees were recorded dialing Guerrero's pager number.  She lives very close to the border of Mexico.

The district court did not err in finding, by a preponderance of the evidence, that Guerrero would continue to commit drug trafficking or related crimes if she were released and, therefore, poses a danger to the community and is a flight risk.  The district court's detention order as to Rosanna Guerrero is AFFIRMED.