United States Court of Appeals
Fifth Circuit

**F I L E D**

**September 27, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-50306
Summary Calendar

_____

UNITED STATES OF AMERICA

                    Plaintiff - Appellee

     v.

MARIA SAMPSON

                    Defendant - Appellant

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. SA-02-CR-301-ALL
--------------------

Before KING, Chief Judge, and BARKSDALE and DeMOSS, Circuit
Judges.

PER CURIAM:[*]

     Maria Sampson appeals her conviction after a jury trial of
assault within the maritime and territorial jurisdiction of the
United States.  Sampson argues that the evidence is insufficient
to show that she assaulted her 12-year-old adopted son or that
the alleged assault occurred within the special maritime and
territorial jurisdiction of the United States.  She also argues

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

that the district court erroneously admitted hearsay evidence and that she was unlawfully arrested.

The victim of the assault testified that Sampson struck him three or four times with a belt and that she had caused some of the bruises on his back. Physicians testified that there were pattern bruises on the victim's back and that some of the bruises had been inflicted recently. The school officials to whom the victim reported the abuse also provided corroborating testimony regarding the recent nature of the victim's wounds. The victim stated that the incident occurred at his home, and there was testimony that the home was located on Lackland Air Force Base and was within the special maritime and territorial jurisdiction of the United States. The evidence is sufficient to support the determination that Sampson assaulted her adopted son and that this assault took place within the special maritime and territorial jurisdiction of the United States. See United States v. Perrien, 274 F.3d 936, 939-40 (5th Cir. 2001).

Sampson has not established error with respect to the testimony that she cites as hearsay evidence. Her objections to Agent John Whitson's testimony that the victim told him that his injuries were caused by Sampson and to the admission of a portion of a medical record were sustained by the district court. Dr. Reginald Moore testified that the victim stated that he sustained injuries from fingernails while he was being choked and that he was hit with a shoe and with a broom. This evidence was

admissible pursuant to FED. R. EVID. 803(4) as statements made for the purpose of medical treatment.

To the extent Sampson challenges other statements made by Moore, she did not object to this testimony and, given the victim's testimony, it was not plain error to admit it. See United States v. Cantu, 167 F.3d 198, 203 (5th Cir. 1999). Sampson did not object to the cited testimony of Terry Bills and Mary Catherine Norton, and the admission of this testimony was cumulative and did not constitute plain error.

Sampson objected to Dr. Shane Stokes's testimony that the victim told him that it was Sampson who struck him. This evidence also was cumulative and was harmless in light of the strength of the prosecution's case and defense counsel's ability to cross-examine the witness. To the extent that Sampson raises additional testimony by Stokes as hearsay she has not established plain error because his statements either were not offered for the truth of the matter asserted, or were not material to determining whether Sampson assaulted the victim. Accordingly, Sampson has not shown that her substantial rights were affected by the erroneous admission of any hearsay evidence.

Sampson does not support her argument that she was unlawfully arrested with any record evidence, other than to show that she was questioned regarding the incident. Her contention that she was unlawfully arrested is at odds with her argument that she cooperated with investigators and spoke to them freely.

In denying Sampson's motion to suppress, the district court found that the record showed that Sampson was advised several times that she was not in custody.  The court also noted that she was a law school graduate.  Sampson's conclusional assertion that she was arrested unlawfully is insufficient to establish error.  See United States v. Volksen, 766 F.2d 190, 193 (5th Cir. 1985).

AFFIRMED.