# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

November 22, 2013

Lyle W. Cayce
Clerk

No. 12-40286
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

CLOVIS PRINCE,

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:09-CR-161-1
USDC No. 4:10-CR-47-1

Before JOLLY, SMITH, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Clovis Prince, proceeding pro se, appeals his jury trial convictions of bank fraud, money laundering, perjury, and bankruptcy fraud. The district court sentenced Prince to a total of 30 years in prison.

Prince first avers that the Government interfered with his right to present evidence. He argues that he was denied access to his own corporate

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

records and "trial evidence" and that when he finally obtained the "trial evidence," it was in disarray and had been tampered with. He claims that the Government was responsible for the state of the evidence. In a closely related issue, he asserts that he was subjected to an illegal search and seizure, i.e., that an attorney for American Bank and Trust (ABT), one of the defrauded banks, illegally obtained his corporate records.

The right to present a complete defense "is an essential attribute of the adversary system." *United States v. Ramos*, 537 F.3d 439, 448 (5th Cir. 2008). We review alleged violations of a defendant's Sixth Amendment right to present a complete defense de novo, subject to review for harmless error. *United States v. Skelton*, 514 F.3d 433, 438 (5th Cir. 2008).

With regard to the denial of access to his corporate records and trial evidence, Prince fails to specifically elucidate the precise nature of the records and evidence and fails to explain how his alleged denial of access affected the outcome of the trial. His conclusional allegations are insufficient to warrant relief. *See United States v. Volksen*, 766 F.2d 190, 193 (5th Cir. 1985); *see also United States v. Brace*, 145 F.3d 247, 255 (5th Cir. 1998) (en banc) (holding that this court is not required to search the record to find a legal or factual basis for an issue).

Further, there is no evidence that the Government denied Prince access to any records. The record showed that some of the documents were under the control of the bankruptcy court. The record reflects that stand-by counsel Don Bailey requested, and obtained, the records from the bankruptcy court and stored them on behalf of Prince. Although Prince contends that, once the records were obtained, they were "in shambles," he produces no reliable evidence of the condition of the records at the Fannin County Jail or that the Government was responsible for their alleged condition.

No. 12-40286

With regard to his argument that he was subjected to an illegal search and seizure when an attorney for ABT entered his corporate office and allegedly confiscated certain files, appellate review is barred because Prince did not file a motion in the district court challenging the purported illegal search and seizure. *See United States v. Chavez-Valencia*, 116 F.3d 127, 134 (5th Cir. 1997). Regardless of whether the search and seizure were legal, there can be no cognizable search and seizure absent governmental action. The Fourth Amendment does not protect against searches conducted by private individuals acting in a private capacity. *United States v. Jacobsen*, 466 U.S. 109, 113 (1984); *United States v. Runyan*, 275 F.3d 449, 457 (5th Cir. 2001). Prince fails to offer any credible evidence that the attorney for ABT was acting as an agent for the Government.

The remaining portion of Prince's arguments concerning the denial of access to evidence include unsubstantiated and unsupported allegations of stolen email passwords, fraudulently created emails designed to place the blame on him for the ponzi-like scheme, the existence of a "dummy box" containing Papa John receipts instead of handwritten notes that Prince contends shows his innocence, and the mysterious disappearance of the box purportedly containing the notes. These unsupported allegations, many raised for the first time on appeal, are insufficient to warrant relief. *See Volksen*, 766 F.2d at 193; *United States v. Smith*, 915 F.2d 959, 963-64 (5th Cir. 1990).

We reject, as without merit, Prince's argument that the district court erred in submitting Government's exhibits 144, 145, and 148 to the jury during its deliberations. The exhibits are not part of the record on appeal, but according to the parties the exhibits consisted of charts and summaries outlining Prince's fraudulent scheme.

3

No. 12-40286

"[A]llowing the use of charts as pedagogical devices intended to present the government's version of the case is within the bounds of the trial court's discretion to control the presentation of evidence under" Federal Rule of Evidence 611(a). *United States v. Taylor*, 210 F.3d 311, 315 (5th Cir. 2000) (internal citation and quotation marks omitted). Charts summarizing voluminous material under Federal Rule of Evidence 1006 are admitted as evidence themselves when the evidence underlying them is too voluminous to be effectively presented, while pedagogical or demonstrative aids submitted under Rule 611(a) are not introduced into evidence, but merely are shown to the jury to help them understand evidence that has already been admitted into the record. *United States v. Buck*, 324 F.3d 786, 790-91 (5th Cir. 2003).

Here, the charts and summaries were not summaries of voluminous evidence submitted to stand in for the evidence itself, but instead were merely summaries of evidence already admitted and were therefore pedagogical aids under Rule 611(a). *See id.* at 790. Further, the district court's instructions to the jury made clear that the exhibits in question were not evidence, but merely summarized evidence that had already been admitted. Lastly, the Government and stand-by counsel did not object to sending the pedagogical summaries to the jury room. *See Pierce v. Ramsey Winch Co.*, 753 F.2d 416, 431 (5th Cir. 1985); *see also United States v. Winn*, 948 F.2d 145, 159 & n.35 (5th Cir. 1991) (holding that *Pierce* does not stand for the proposition that sending pedagogical charts to the jury room constitutes reversible error; it more properly stands for the proposition that a trial court does not err in refusing to send pedagogical charts to the jury room).

We also find, as without merit, Prince's argument that he was denied his right to a speedy trial. The Speedy Trial Act requires that a federal defendant be tried within 70 days of the filing of his indictment or his appearance before

4

No. 12-40286

a judicial officer, whichever comes later.  18 U.S.C. § 3161(c)(1).  When the court grants a continuance on the motion of any party or sua sponte, that period of delay is excluded "if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." § 3161(h)(7)(A).

Of the complained-of continuances, one of them, entered on January 4, 2010, was a properly entered ends-of-justice continuance and thus the delay engendered by the continuance is excluded.  *See* § 3161(h)(7)(A).  The August 20, 2010, continuance of which Prince complains was entered after the district court granted Prince's motion to consolidate the bank fraud/money laundering and perjury/bankruptcy fraud cases for trial.  "The Speedy Trial Act entitles criminal defendants to adequate time for preparing a defense, but that right may not be used as a two-edged sword in this fashion."  *United States v. Westbrook*, 119 F.3d 1176, 1188 (5th Cir. 1997).  Thus, this court follows the "sensible maxim that defendants ought not to be able to claim relief on the basis of delays which they themselves deliberately caused."  *United States v. Kington*, 875 F.2d 1091, 1108 (5th Cir. 1989).  Because Prince insisted on consolidation, he should not be heard to complain of the continuance that ensued.

Lastly, the district court's June 7, 2010, continuance did not violate the Speedy Trial Act.  Open-ended continuances are permissible if they are in effect only for a reasonable length of time.  *See Westbrook*, 119 F.3d at 1187.  Because the June 7 continuance was in effect for five months and eight days, it was reasonable.  *See id.* (finding an open-ended continuance for five months to be reasonable).

Prince's arguments that he was denied the right to call witnesses on his behalf, that a witness had been threatened, and that other witnesses were prevented from testifying by governmental "interference" are without merit. *See United States v. Girod*, 646 F.3d 304, 310 (5th Cir. 2011); *United States v. Thompson*, 130 F.3d 676, 686 (5th Cir. 1997); *Gibbs v. King,* 779 F.2d 1040, 1047 (5th Cir. 1986).

We have endorsed the position, like many other circuits, that a trial court generally does not have a duty to explain to a defendant that he has a right to testify or to verify that the defendant voluntarily waives his right to testify. *See United States v. Brown*, 217 F.3d 247, 258 (5th Cir. 2000), *vacated and remanded on other grounds sub nom, Randle v. United States*, 531 U.S. 1136 (2001). The record shows that stand-by counsel advised Prince of his right to testify at the conclusion of the defense's case. Prince, at that time, had not decided whether he would exercise his right. The district court had no obligation to inquire or obtain a waiver of the right. *See Brown*, 217 F.3d at 258 (right to testify is critical element of trial strategy best left to defendant and counsel with no intrusion by trial court because any intrusion may, unintentionally, affect the defendant's decision).

To prove a due process violation based on the use of perjured testimony, Prince must show that the testimony was false, that the prosecutor knew that it was false, and that it was material to the issue of guilt. *See United States v. Blackburn*, 9 F.3d 353, 357 (5th Cir. 1993). An allegedly perjured statement is material only if use of the false testimony "creates a reasonable likelihood that the jury's verdict might have been different." *United States v. Washington*, 44 F.3d 1271, 1282 (5th Cir. 1995) (internal quotation marks and footnote omitted). Prince has not made the required showing on any of his claims that the Government knowingly used perjured testimony.

Finally, "[t]he general rule in this circuit is that a claim for ineffective assistance of counsel cannot be resolved on direct appeal when the claim has not been raised before the district court since no opportunity existed to develop the record on the merits of the allegations." *United States v. Cantwell*, 470 F.3d 1087, 1091 (5th Cir. 2006) (internal citation and quotation marks omitted). We decline to address any of Prince's allegations of ineffective assistance of counsel because the record is not sufficiently developed to consider the claims.

AFFIRMED.