# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

March 15, 2019

Lyle W. Cayce
Clerk

No. 19-20081
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MARC ANTHONY HILL,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:17-CR-7-1

Before DENNIS, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

Marc Anthony Hill is charged with two counts of Hobbs Act robbery and two counts of aiding and abetting use of a firearm during a crime of violence, one of which caused the death of a person. He faces up to twenty years in prison on the Hobbs Act counts, 18 U.S.C. § 1951(a), and mandatory minimum sentences of ten years in prison on each of the firearms counts, which must run consecutively to any other sentence imposed. 18 U.S.C. § 924(c)(1)(A)(iii). Hill

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

appeals from the district court's order denying his motion to revoke his pretrial detention.

"Absent an error of law," we uphold a district court's pretrial detention order "if it is supported by the proceedings below," a deferential standard of review that we equate to an abuse of discretion standard. *United States v. Rueben*, 974 F.2d 580, 586 (5th Cir. 1992) (internal quotation and citation omitted). Because the district court found probable cause to believe that Hill committed the alleged violations of § 924(c), it is "presumed that no condition or combination of conditions will reasonably assure [his] appearance . . . and the safety of the community." 18 U.S.C. § 3142(e)(3)(B). Hill's conclusory assertions do not rebut this presumption. *See United States v. Trosper*, 809 F.2d 1107, 1110 (5th Cir. 1987).

Even assuming without deciding that Hill has rebutted the presumption, the district court's conclusions are supported by the proceedings below. *See Rueben*, 974 F.2d at 586-87. The evidence as a whole supports the district court's findings that Hill presents a danger to the community and a risk of flight if released on bond based on the seriousness of the crime, the strength of the evidence, and the severity of the penalties. *See* § 3142(g).

Accordingly, the district court's order is AFFIRMED.