# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 20-50206
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
April 16, 2020

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

BRANDON SIMS,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:20-CR-11-1

Before STEWART, HIGGINSON, and COSTA, Circuit Judges.

PER CURIAM:[*]

Brandon Sims appeals the district court's order adopting and upholding the magistrate judge's denial of release pending trial. Sims has been indicted on charges of conspiring to possess with intent to distribute methamphetamine, possessing with intent to distribute methamphetamine, unlawful possession of a firearm by a convicted felon, and possession of a firearm in furtherance of a drug trafficking crime. *See* 21 U.S.C. §§ 841(a)(1),

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 20-50206

(b)(1), 846; 18 U.S.C. §§ 922(g), 924(a), (c). The offenses allegedly occurred as part of an extensive Adderall counterfeiting scheme.

We review a district court's pretrial detention order under a deferential standard equivalent to abuse of discretion. *United States v. Rueben*, 974 F.2d 580, 586 (5th Cir. 1992). The question on appeal is "whether the evidence as a whole supports the conclusions of the proceedings" in the district court. *Id.*; *United States v. Trosper*, 809 F.2d 1107, 1111 (5th Cir. 1987). We review questions of law de novo. *United States v. Olis*, 450 F.3d 583, 585 (5th Cir. 2006). Factual findings supporting an order of detention are reviewed for clear error. *United States v. Aron*, 904 F.2d 221, 223 (5th Cir. 1990).

Pretrial detention shall be ordered if "the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e). As Sims concedes, there is a rebuttable presumption against granting him pretrial release because the indictment provided probable cause to believe that he committed certain drug and firearm crimes. *See* § 3142(e)(3); *Trosper*, 809 F.2d at 1110 (noting that the presumption against pretrial release arises when qualifying offenses "are charged in the indictment").

Sims contends that he had only to come up with some relevant evidence to carry the *burden of production* necessary to rebut the presumption. He further argues that the district court misapplied the law and erroneously relieved the Government of its *burden of persuasion* by concluding that Sims failed to rebut the presumption of 18 U.S.C. § 3142(g). "Although it is true that the burden of persuasion remains with the government, the burden imposed on the defendant is the production of evidence supportive of the point for which it is offered." *Trosper*, 809 F.2d at 1110. The district court did not misapply

2

any burdens or presumptions simply by citing § 3142(g), which provides factors relevant to pretrial release. Rather, the district court adopted the reasoning of the magistrate judge, who properly applied the presumption and considered the factors of § 3142(g). Moreover, "the mere production of evidence does not completely rebut the presumption." *Reuben*, 974 F.2d at 586.

The district court concluded that the Government had carried its burden under the § 3142(g) factors, including the weight of evidence against Sims, the prospect of lengthy incarceration if convicted, Sims's criminal history, his criminal activity while released under state supervision, his history of drug and alcohol abuse, and his attempt to evade police at the time of his arrest. While Sims has a supportive family, that factor was deemed offset by the "disconnect" between the person his family knows and the defendant before the courts. *See Trosper*, 809 F.2d at 1110 (discounting "family ties [that] did not demonstrate relationships wherein the family members had some control, either physical or emotional, over [the defendant's] actions").

Sims fails to show any error of law or any clearly erroneous factual finding. *See Olis*, 450 F.3d at 585; *Aron*, 904 F.2d at 223. The evidence as a whole supports the district court's decision, which was not an abuse of discretion, especially in light of the unrebutted presumption against granting release in this case. *See Rueben*, 974 F.2d at 586; *see also* § 3142(e). Accordingly, the district court's order is AFFIRMED.